**Roy COX, d/b/a Roy Cox Plumbing and Heating, Respondent,**

v.

**Chuck BLOSSOM, Appellant.**

No. 38339.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 2, 1978.

Gray & Stewart, Clayton, for appellant.

Reginald P. Bodeux, St. Charles, for respondent.

CLEMENS, Presiding Judge.

Plaintiff sued both defendant Chuck Blossom and his corporation, defendant Mark Twain Shopping Center.[1] At the close of plaintiff's evidence, the trial court granted the corporation's motion for a directed verdict, leaving only defendant Chuck Blossom in the case. Verdict and judgment was for plaintiff and Blossom has appealed.

The trial court instructed the jury to return a verdict for plaintiff if the jury believed that ". . . at defendant's request, plaintiff furnished to defendant certain labor and material . . . ." As noted, the verdict director twice used the words "defendant" in the singular, without naming defendant Chuck Blossom.

Defendant Blossom appeals, contending the trial court erred by failing to inform the jury the corporate defendant was out of the case and by failing to identify Blossom as the defendant in plaintiff's verdict director the instruction "was confusing and permitted the jury to return a verdict for plaintiff regardless of to which defendant the jury found the required facts applicable."

We accept defendant's argument that ". . . It is essential that if juries are to know what is to be considered and decided, they must be properly advised of rulings on motions to dismiss . . . ." *Cato v. Modglin*, 545 S.W.2d 307[9–11] (Mo.App. 1976). This followed *Elmore v. Kansas City*, 333 S.W.2d 795[3] (Mo.App.1960), where the court said: ". . . Everyone must admit that the jury had to be told sometime that in deliberating and deciding it would be dealing only with Mrs. Elmore as plaintiff and the city [appellant] as the sole defendant." These are sound general principles, but neither case rules the precise issue before us.

Here, the plaintiff's verdict director was not *inherently* erroneous. In using the criticized word "defendant" in the singular it precisely fit the issue to be decided—the liability of the only defendant still in the case. Defendant does not contend otherwise. As said, his premise is that the *trial court* erred in failing to identify the defendant referred to in the verdict director; his conclusion is that the jury was thereby confused.

We note several ways the court could have dispelled the alleged confusion. It could have modified the challenged instruction by inserting Blossom's name after each

1. Plaintiff's action was in two similar counts; the court gave two identical verdict directors; the points raised on appeal are the same as to each count.

word "defendant." (This is suggested by "How to Use This Book," MAI p. Lii.) Or, the court on its own motion could have given a clarifying instruction, a discretionary power. *Barnes v. Marshall,* 467 S.W.2d 70[10, 11] (Mo.1971).

We cannot hold defendant Blossom faultless in creating the alleged confusion. His complaint is that by the instruction not naming him, the jury was permitted to consider evidence concerning liability of the discharged corporate defendant. Corrective action was readily available to defendant Blossom and he should have acted. In *Wors v. Glasgow Village Supermarket, Inc.,* 460 S.W.2d 583[3] (Mo.1970) the court held that when, as here, evidence is admissable against one defendant but not the other, the latter is entitled to a clarifying instruction limiting the extent of that evidence, but when no such instruction is requested the trial court is not obliged to give one. It is uniformly held that where a defendant believes plaintiff's instruction is too general it is defendant's duty to offer a more specific one. See *O'Connell v. Roper Electric Company, Inc.,* 498 S.W.2d 847[8, 9] (Mo. App.1973). See also cases annotated in MAI, How to Use This Book, Old Principles Still in Force, note 9.

As said, plaintiff's verdict director using the word "defendant" in the singular fit the issue to be decided—the liability of the only defendant still in the case. We hold that by failing to request the trial court to clarify the verdict-directing instruction defendant may no longer complain.

Aside from defendant's failure to request a clarification of plaintiff's verdict director, we consider his conclusion the instruction was confusing. The trial court denied this contention and we agree.

Plaintiff sued both Blossom and the corporate defendant. Plaintiff's testimony centered on his dealings with Blossom, not the corporation. As said, at the close of plaintiff's case the trial court agreed and granted the corporation's motion for a directed verdict. The core of Blossom's testimony was not that the corporation was liable but that plaintiff had actually contracted with a third party, one Harry Brown, and plaintiff should look to Brown for payment.

After the corporation went out of the case both plaintiff and Blossom treated Blossom as the only defendant. In opening statement, at the close of plaintiff's case, Blossom's counsel referred to Blossom as "the defendant." In closing jury argument his counsel repeatedly referred to Blossom as "the defendant." So did plaintiff's counsel.

Despite these salient facts defendant contends the trial court erroneously denied his after-trial motion, contending the jury was confused by the verdict director's failure to identify Blossom as the defendant.

In *James v. Truilli,* 473 S.W.2d 757[13–15] (Mo.App.1971) we held the test for determining whether an instruction is confusing is whether it would so appear to a jury of reasonably intelligent jurors; that a contention of confusion is addressed initially to the trial court's discretion and its ruling will be set aside only where that discretion is abused; that discretion is abused only when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Defendant Blossom's contention of jury confusion utterly fails to meet that test.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.