**Raymond KLINE, Jr., and Marian E. Kline, his wife, Appellants,**

v.

**BOURBON WOODS, INC., a Missouri Corporation, Respondents.**

No. 48147.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1985.

Donald A. Hale, Steelville, for appellants.

G. William Weier, Crystal City, for respondents.

CRANDALL, Judge.

Plaintiffs appeal from a judgment, entered on a jury verdict, in favor of defendant on plaintiffs' claim for treble money damages for timber removal, and in favor of defendant on its counterclaim for ejectment.

Plaintiffs allege seven points of error: (1) Instruction No. 10, defendant's verdict-directing instruction on its counterclaim, should not have been submitted as there was insufficient evidence of adverse possession to support the giving of the instruction; (2) the term "adverse possession" should have been defined for the jury; (3) the term "title" should have been defined for the jury; (4) there was no legal description of the property in Instruction No. 10; (5) the court could not enter a judgment which included a legal description because the jury had not made a finding on such a description; (6) defendant failed to make a submissible case on its counterclaim; and (7) there were indispensable parties not joined in the action. We affirm.

Plaintiffs Raymond Kline, Jr., and his wife Marian Kline acquired Lot 2 of the Northwest Quarter of Section 4 and the South 80 acres of the Northwest Quarter of Section 4, Township 38 North, Range 1 West of the 5th Principal Meridian in Washington County, Missouri, along with other land, in February, 1979. The land is wooded. Mr. Kline noticed some time after the firearms deer season of November, 1980, that timber had been cut from what he believed to be his property.

The trees had been cut at the direction of Bourbon Woods, Inc., a corporation made up of members of the Kreikemeier family. The corporation owned land in Section 5 adjacent to and immediately west of the Klines' property.

The Klines filed suit claiming damages for the trees which had been cut. Bourbon Woods filed a counterclaim and alleged at trial it was the owner of the land where the trees had been cut, either by title or adverse possession.

The dispute, then, centers around the boundary line between the property owned by the Klines and the Bourbon Woods property. If the boundary is where Bourbon Woods claims, then plaintiffs have no cause of action for damages.

The jury found for the defendant on plaintiffs' claim for damages and for defendant on its counterclaim, finding it had a superior right to possession of the property where the trees were cut.

The bulk of the evidence at trial consisted of expert testimony by surveyors. Plaintiffs' expert testified that the boundary line of the property was at a point approximately 335 feet west of the boundary claimed by defendant's expert. This 335 foot-wide strip is the land in dispute.

Plaintiffs first claim error in the giving of Instruction No. 10, because of insufficient evidence of adverse possession. The instruction is as follows:

Your verdict must be for Defendant or [sic] Defendant's Counterclaim if your [sic] believe:

First, Plaintiff was in or claimed possession of the premises claimed by Defendant when the action was commenced, and

Second, Defendant had the right to possession of the premises on that date by reason of Defendant's title or by rea-

son of open and adverse possession under claim of title for more than 10 years prior to Plaintiffs' suit.

The second paragraph of this instruction hypothesizes recovery by the defendant in the disjunctive, i.e., title *or* adverse possession. "It is well settled that each element of an instruction phrased in the disjunctive must be supported by substantial evidence." *McCoy v. Hershey Chocolate Co.*, 655 S.W.2d 128, 130 (Mo.App.1983).

■ To support an adverse possession claim, "(1) the possession must be hostile and under claim of right; (2) possession must be actual; (3) possession must be open and notorious; (4) possession must be exclusive; and (5) possession must be continuous for the requisite period." *Lacy v. Schmitz*, 639 S.W.2d 96, 99 (Mo.App.1982).

■ Defendant's evidence was that Mr. Kreikemeier purchased the land in Section 5 to fulfill a dream of having a place in the woods where the family could get together. Mr. Kreikemeier's son testified: "All of us in the family through that period spent all of our excess time down there." Then this exchange took place:

Q. In 1965 until 1979, can you tell me what use the family made of the property?

A. The use has been pretty intense in terms of what it was bought for, and that was a gathering place for the family, an awful lot of hiking, hunting. We have a jeep down there that we use to run around. The kids, particularly my children spend hours running around, hiking, shooting, whatever.

Q. Did you use the property up to this blazed line that you spoke of?

A. Yes.

■ This was enough to make a submissible case of adverse possession, supporting the giving of Instruction 10. Plaintiffs claim there was no evidence of the third element of adverse possession, that it be open and notorious. We disagree. The nature of this land, which was rough and wooded, must be taken into account. *Teson v. Vasquez*, 561 S.W.2d 119, 125 (Mo.

App.1977). "The possession must be as notorious as the nature of the land will permit." 2 C.J.S. Adverse Possession § 49, at 714 (1972). The open and notorious requirement can be met by showing actual knowledge of the owner, which was not shown here except for the single act of cutting the trees. "If actual knowledge is not proved then the claimant must show an occupancy so obvious and well recognized as to be inconsistent with and injurious to the real owner's rights that the law will authorize a presumption from the facts that he had such knowledge." *Teson*, 561 S.W.2d at 127. Knowledge or notice in such cases has been held to mean knowledge of all that would be learned by reasonable inquiry. *Johnson v. Moore*, 346 Mo. 854, 143 S.W.2d 254, 256 (1940). This requirement was met by the evidence of the use made by the Kreikemeier family. Plaintiffs' first point is denied.

Plaintiffs' next two points allege error in Instruction 10 in that the terms "adverse possession" and "title" were not defined. It has been stated that "a trial court must define for the jury legal or technical terms occurring in the instructions." *Brock v. Firemens Fund of America Ins. Co.*, 637 S.W.2d 824, 827 (Mo.App.1982). "Probably the better solution of the problem would be to hypothesize facts which constitute the elements [of the cause of action] and thus avoid use of the term." *Wright v. Edison*, 619 S.W.2d 797, 802 (Mo.App.1981).

In *Wright* the court, in dictum, stated that the term "trespass" has a technical legal meaning and if used in an instruction should be defined. Plaintiffs argue by analogy that "adverse possession" and "title" are terms with technical legal meanings, and thus should be defined.

Conceptually it should be noted that Instruction No. 10 is not legally incorrect. It follows the language of MAI 27.01 and properly states the law. Thus we do not have the situation where plaintiffs can rely on Rule 70.03 and raise instructional error for the first time in an after-trial motion. *See Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo. banc 1984), and *Hudson v. Carr*, 668

S.W.2d 68 (Mo. banc 1984), for recent limitations of that rule.

 Here plaintiffs' complaint is that the instruction lacked sufficient specificity. If plaintiffs believed that the instruction was too general in nature, it was their duty to offer a more specific one. *Cox v. Blossom,* 565 S.W.2d 851, 853 (Mo.App.1978); *Gallaher-Smith-Feutz Realty, Inc. v. Circle Z Farm, Inc.,* 545 S.W.2d 395, 400 (Mo.App. 1976). "[A]n adverse party will not be heard to complain in the absence of a request for a more specific instruction where an instruction is correct in its general scope and does not amount to misdirection...." *Zalle v. Underwood,* 372 S.W.2d 98, 103 (Mo.1963). *See also Carter v. Consolidated Cabs, Inc.,* 490 S.W.2d 39, 43 (Mo.1973), where the court stated "not all omissions of definition are reversible error."

In the present case there was no misdirection. The error, if any, was one of omission. Although plaintiffs voiced several objections to Instruction 10 at the instruction conference, they did not request or offer a more specific instruction. Having failed to do so, they cannot now complain in their post-trial motion or on appeal. Assuming, without deciding, that the terms complained of have a technical legal meaning, plaintiffs have waived any error of lack of definition where definition is not mandated by MAI. Further, we have reviewed the closing arguments in the record and can find no prejudicial impact of the instructions on the jury. *Fowler,* 673 S.W.2d at 756. Plaintiffs' second and third points are denied.

 Plaintiffs' fourth point claims error in giving Instruction No. 10 because there was no instruction to the jury regarding the legal description of the land at issue in the case. Plaintiffs claim that this is important because there was no indication whether the jury found for the defendant on the title or adverse possession theory. We find no merit in this claim. We can find no dispute between the parties as to the area of land in dispute. Plaintiffs' expert testified the boundary was at a given point. Defendant's expert testified the boundary was at a different point. The land between these two points was in dispute. A legal description was not necessary. To require this would violate Rule 70.02(a) which states that instructions "shall not submit to the jury or require findings of detailed evidentiary facts." Whichever theory the jury used, the land found to be possessed by defendant would be the same.

 Plaintiffs' fifth point alleges error in the entry of the judgment. The court's judgment states the defendant is entitled to possession of the property, and it then gives a legal description of the property. Plaintiffs contend since the verdict form does not include such a description, the court was resorting to inference and speculation to enter the judgment, and the judgment was thus erroneous. This point has not been preserved for appeal. This issue is raised for the first time in Plaintiffs' Supplemental Alternative Motion for New Trial, filed November 22, 1983, more than two months after entry of the judgment on September 13. The motion supplemented a timely filed post-trial motion filed September 27, 1983. This supplemental motion for new trial, filed more than fifteen days after the judgment was entered, preserves nothing for review. *State v. Berry,* 609 S.W.2d 948, 951 (Mo. banc 1980). Assuming arguendo that it was preserved, we find it without merit. In *Huter v. Birk,* 510 S.W.2d 177 (Mo.1974), the trial court in its judgment described an easement to which plaintiffs were entitled. The appellants asserted the only judgment the court could enter would be one reciting the general verdict of the jury. The supreme court stated that "it is obvious that in a case such as this, where the issue submitted related to the rights of one party in and to lands of the other, the judgment must do more than simply recite the general verdict of the jury." *Id.* at 182. Plaintiffs' fifth point is denied.

Plaintiffs' sixth point claims defendant failed to make a submissible case on the counterclaim. This is essentially the same

issue addressed in plaintiffs' first point and the discussion will not be repeated.

■ The last point raised by plaintiffs is that the court could not enter judgment because indispensable parties had not been joined under Rule 52.04. The alleged indispensable parties here are James Bryan and other landowners whose land is adjacent to the south of the property in dispute. This ejectment action only adjudged the right to possession of the property as between the parties rather than title. *City of St. Charles v. De Sherlia*, 303 S.W.2d 32, 34 (Mo.1957). The judgment in no way affected the interest of any other landowner. Therefore the other landowners were not indispensable parties to this action. Plaintiff's final point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.