**Carl LINEBARGER and Josephine Linebarger, Plaintiffs–Respondents,**

v.

**Robert E. GOMER and Mrs. Robert Gomer, Defendants–Appellants.**

No. 15393.

Missouri Court of Appeals, Southern District, Division Two.

March 9, 1989.

Robert S. Wiley, Crane, for plaintiffs-respondents.

Ben K. Upp, Springfield, for defendants-appellants.

PER CURIAM:

Defendants appeal from a judgment rendered following nonjury trial which declared a fenceline the boundary between the parties' property, quieted title of the property west of the fenceline in the plaintiffs and granted injunctive and other relief to plaintiffs. Title to the disputed property was vested in plaintiffs based on adverse possession.

For their first point defendants contend that the trial court erred in making certain findings of fact because those facts were not supported by substantial evidence and were against the weight of the evidence as plaintiffs failed to carry their burden of proving the elements of adverse possession. The findings of fact in question are set forth below.[1]

---

1. 1. Plaintiffs are the owners of the real estate located in teh [sic] SW¼ of the SE¼ of SEction [sic] 24, Township 22, Range 25, Barry County, Missouri, described in their deeds (Plaintiffs' exhibits #2, 4, 5, 6, 7 and 10), and that their property extends on the East to the fenceline mentioned in evidence and shown by the exhibits.

2. Defendant Robert Gomer is the owner of real estate located in the SE¼ of the SE¼ of Section 24, Township 22, Range 25, Barry County, Missouri, as described in his deeds (Defendants' exhibits C and D), and that his property extends on the West only to teh [sic] fenceline mentioned in evidence and shown by the exhibits.

\* \* \* \* \* \*

4. Plaintiffs and their predecessors in title have occupied the property located West of the old fenceline for more than 40 years openly, continuously, notoriously and adversely to defendants and their predecessors in title, without interruption except for the recent interruption caused by defendant Robert Gomer, and such possession of plaintiffs have been exclusive.

In reviewing this nonjury matter, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The evidence was in conflict as to the existence of a portion of the fence but the trial court found that such portion of the fence did exist. Due deference must be given to the trial court's opportunity to judge the credibility of the witnesses. *Albert v. Declue*, 526 S.W.2d 39, 40 (Mo.App. 1975).

Plaintiffs, in seeking to establish title by adverse possession, had the burden of showing possession that was (1) hostile, that is, under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous, over the statutory period of ten years. *City of South Greenfield v. Cagle*, 591 S.W.2d 156, 159 (Mo.App.1979); *Teson v. Vasquez*, 561 S.W.2d 119, 125 (Mo.App. 1977); § 516.010, RSMo 1986.

Each case is different and a determination that these elements have been met depends on the circumstances of that case. *Szombathy v. Shell Oil Co.*, 676 S.W.2d 15, 18 (Mo.App.1984). "Much depends on the location, the character and the use to which the land in question may reasonably be put." *Id.*

■ Where a disputed boundary line is marked by fence, a party's possession is adverse if he intends to unequivocally claim to the fence regardless of the location of the true boundary line as determined by a survey. *Bell v. Barrett*, 76 S.W.2d 394, 396 (Mo.1934). The evidence supported a finding that plaintiffs claimed the property to the fence regardless of what any survey revealed.

■ To satisfy the requirement that the claim be hostile, that is, under claim of right, claimant's possession must be opposed and antagonistic to the claims of all others. *Teson*, 561 S.W.2d at 127. Plaintiffs constantly asserted their rights as against the claims of those parties who owned the property adjacent to theirs, now owned by defendant. Three different people have lived on the adjacent property and each objected to or destroyed the fence. On each occasion plaintiffs asserted their rights to the property within the fenceline and restored it. Cf. *Szombathy* supra at 19. This element was sufficiently shown.

■ Actual possession was also shown. Relevant in determining this is if plaintiffs exhibited ability to control the land and intent to exclude others. *Elliott v. West*, 665 S.W.2d 683, 690 (Mo.App.1984). Their fencing the land, building near it and using it, sufficiently established actual possession.

■ There was evidence that plaintiffs' claim to the property was open and notorious. Plaintiffs made known to the neighbors that they claimed the property within the fenceline. In addition, although there was evidence to the contrary, the existence of the fence, the maintenance and repairs of it by plaintiffs and plaintiffs use of the property support the court's finding that their possession was open and notorious.

The element of exclusivity requires that the claimant occupy the land for his own use and not for another. *Teson*, 561 S.W. 2d at 127. This element was not challenged and there was evidence to support it. The same is true for requirement (5). The trial court's challenged findings were supported by evidence and were not against the weight of the evidence. Point one is denied.

■ For their second point defendants argue that the portion of the trial court's judgment declaring the boundary lines of the property was erroneous because plaintiffs failed to establish the precise location of the property claimed by adverse possession. They contend that the surveys which were admitted by stipulation were insufficient because they did not commence from a government marker.

It is well established in Missouri that evidence of a survey which is not shown to have commenced from a corner established by the government or, if lost, reestablished in accordance with statutes, is of no probative force. *Cantrell v. Bank of Poplar*

*Bluff,* 702 S.W.2d 935, 938 (Mo.App.1985). This rule is firmly embedded in the case law of Missouri and any departure from it, or relaxation of it, is for the Supreme Court of Missouri, not us. Id. at 941; see also *City of Gainesville v. Gilliland,* 718 S.W.2d 553, 561 (Mo.App.1986).

The surveys alone may not have probative value sufficient to establish the boundary but here the fenceline and thus the boundary can be physically located on the ground. The surveys may not establish where, in relationship to the record boundary line, the decreed line is, but the judgment sufficiently defined the boundary so that it can be located on the ground by the monuments the fence and previous fences created.

The judgment is affirmed.

All concur except MAUS, J., recused.