Ora **GREEN**, et al.,
Plaintiffs/Respondents,

v.

Alvin **LANGE** & Mary Lange,
Defendants/Appellants.

No. 57190.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 28, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 27, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Robin E. King, Isidore Ireland Lamke, Washington, for defendants/appellants.

Rollin J. Moerschel, St. Charles, Charles W. Riley, Fulton, for plaintiffs/respondents.

CARL R. GAERTNER, Judge.

Defendants appeal from the judgment in a bench trial quieting title to certain property in plaintiff by adverse possession. We affirm.

This is an action to quiet title to a disputed tract of land brought by plaintiff, Opal Johnson, against defendants, Alvin and Mary Lange.[1] Plaintiff claims title by adverse possession to a triangular tract of land, of approximately ten acres, located between plaintiff's and defendants' property. Defendants maintain that they are record owners of the disputed tract and that plaintiff's activities fail to establish adverse possession. After a bench trial, the trial court found against defendants and quieted title in plaintiff.

In 1951, all of the property presently owned by the parties in this action was owned by Henry and Alvena Reese. On August 6, 1951, the Reeses conveyed the northern portion of their land by warranty deed to Leland and Opal Johnson. The southern boundary line of this tract of land conveyed to Leland and Opal Johnson is the central issue in this dispute. This southern boundary, as claimed by plaintiff, is demarcated by a tree line, other vegetation, and an old broken fence, and shall be referred to hereafter as the "conflict line." While most of the disputed property is wooded, two acres located along the western boundary are arable.

In 1970, Henry Reese died and title to his property vested in his daughter, Gladys

Clayton, and her husband, Lester. On May 21, 1979, the Claytons executed a warranty deed conveying their property to defendants, Alvin and Mary Lange. In 1985, while making plans to subdivide their property, defendants discovered the boundary line between their property and that of plaintiff as set forth in the legal description on their title did not coincide with the conflict line. According to the legal description, defendants contend their northern boundary line encompases the disputed ten acre tract. Defendants confronted plaintiff with this problem and voiced their claim as record owners to the disputed property. Plaintiff claims the ten acre tract by adverse possession.

In response to continuing disagreements, plaintiff filed this action to quiet title to the contested property. On May 5, 1989, the trial court issued its findings of fact and conclusions of law holding that the facts adduced at trial were legally sufficient to support plaintiff's claim of title by adverse possession. Defendants appeal.

Upon review, we must sustain the trial court's decision unless the judgment is unsupported by substantial evidence, against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Further, all fact issues upon which no specific findings are made will be considered as having been found in accordance with the trial court's judgment. Rule 73.-01(a)(2).

In order to establish title by adverse possession, claimant has the burden of proving by a preponderance of the evidence the existence for the entire statutory period of each and every element of adverse possession. *Eakins v. Sadler*, 683 S.W.2d 303, 306 (Mo.App.1984). Claimant must show possession that is 1) hostile and under a claim of right, 2) actual, 3) open and notorious, 4) exclusive, and 5) continuous for a period of ten years. *Vecchiotti v. Tegethoff*, 745 S.W.2d 741, 743 (Mo.App.

---

**1.** Originally, this suit was commenced by Ora Green, Leland Johnson and Opal Johnson; however, during the pendency of this litigation, Ora Green and Leland Johnson died, leaving Opal Johnson as the sole remaining plaintiff.

1987). Each case is unique and a determination that these elements have been met depends on the circumstances of the particular case. *Linebarger v. Gomer*, 766 S.W.2d 180, 182 (Mo.App.1989).

◼ In their first point for review, defendants claim that plaintiff failed to prove open and notorious possession of the disputed tract. We disagree. The open and notorious requirement of adverse possession can be met by showing defendant's actual knowledge of plaintiff's claim. *Kline v. Bourbon Woods, Inc.*, 684 S.W.2d 938, 940 (Mo.App.1985). Absent proof of actual knowledge, plaintiff must prove possession that is conspicuous, widely recognized, and commonly known. *Scott v. Rorebeck*, 766 S.W.2d 659, 664 (Mo.App.1989). "Knowledge or notice in such cases has been held to mean knowledge of all that would be learned by reasonable inquiry." *Kline*, 684 S.W.2d at 940.

◼ The record before us sufficiently establishes the element of open and notorious conduct. Specifically, the evidence adduced at trial indicates that Leland Johnson and Henry Reese placed iron rods at either end of the conflict line while walking the perimeter of Johnson's property at the time of the original sale. From this evidence, the trial court could reasonably conclude that defendants predecessor in title had actual knowledge of plaintiff's claim of possession over the ten acre tract since 1951. Moreover, even assuming plaintiff failed to prove actual knowledge, plaintiff proved facts demonstrating conspicuous, widely recognized, and commonly known possession. At trial, Ervin Herpel, a neighbor, testified that the community perceived the boundary between plaintiff's and defendants' property to lie along the conflict line. Also during trial, Derrold Petersmeyer testified that an archery club sought permission only from Leland Johnson to use the disputed land. Beginning in the mid 1950's, the archery club constructed two "outhouses" and cleared twenty-eight target areas within the disputed tract, all with the permission and assistance of Leland Johnson. Calvin Wiss farmed the land for Henry Reese at the time the Johnsons

purchased the property. For a few years after this purchase Wiss continued to farm the entire arable area, paying Reese a share of the proceeds from the crops south of the conflict line and the Johnsons a share of the proceeds from the crop grown north of the line. Thereafter, Wiss farmed only the land south of the conflict line for Reese. A mining company which extracted clay from the wooded areas of the property dealt with and paid royalties to the Johnsons in connection of the mining of the disputed area. The Johnsons constructed a dam and lake on this property after completion of the mining operations. They stocked and fished the lake and granted permission to others to fish there. Such evidence constitutes conspicuous, widely recognized, and commonly known possession, establishing the element of open and notorious conduct.

◼ Defendants' second and third points are related and therefore will be addressed together. Defendants claim that plaintiff failed to prove adverse possession since plaintiff did not establish "actual possession" or "physical possession over the entire area claimed." We disagree. Actual possession consists of the present ability to control the land and the intent to exclude others from taking possession. *A. Charles Bussen Trust v. Kertz*, 723 S.W.2d 922, 927 (Mo.App.1987). "Color of title" is not an element of adverse possession. *Id.* When a claimant, however, occupies land without color of title, he must also show physical possession of the entire area and mere mental enclosure of the land will not establish the requisite actual possession. *Payne v. Payne*, 728 S.W.2d 635, 639 (Mo.App. 1987). Any combination of continuing acts of occupying, clearing, cultivating, pasturing, erecting fences or other improvements, and paying taxes on the land serves as evidence of actual possession, but is not conclusive. *Id.* "The nature and location of the property and the uses to which it can be applied determine what acts will characterize possession as 'actual.'" *A. Charles Bussen Trust*, 723 S.W.2d at 928.

◼ From the evidence presented, the trial court could reasonably conclude that

plaintiff proved sufficient facts to establish actual possession of the entire tract for the requisite statutory period. In 1955, the Johnsons built their home, half of which lies within the disputed tract. Further, in 1957, plaintiff built a work shop, which is presently being used as an apartment, within the disputed boundary. Beginning in 1966, plaintiff's mother, Ora Green, used a double-wide mobile home located within the contested area as her primary residence until her death in 1986. Plaintiff also dumped and burned trash, built a three acre pond, mowed grass, felled and sold timber, and practiced archery within the disputed tract over a thirty year period. Such evidence, when viewed together, is sufficient for the trial court reasonably to find actual possession for purposes of adverse possession over the entire disputed area. *Crowley v. Whitesell*, 702 S.W.2d 127, 128 (Mo.App.1985).

■ Defendants' fourth point claims that plaintiff failed to identify the location of the disputed land with precise, ascertainable and recognizable boundaries. Citing *Teson v. Vasquez*, 561 S.W.2d 119 (Mo.App. 1977), defendants maintain that absent proof by plaintiff of the exact location of

the lands claimed, any judgment is void as resting entirely on speculation and conjecture.

In the present case, plaintiff's petition contains a precise, formal, legal description of the disputed property.[2] Throughout this litigation, plaintiff has claimed all of the property north of the conflict line. The conflict line is recognizable topographically by a tree line, other vegetation, and an old broken down fence. At either end of the conflict line lie iron rods marking the corners. Since plaintiff and defendants' predecessors in title knew exactly where the line ran, the principle announced in *Teson*, 561 S.W.2d at 127, does not apply. *Eakins*, 683 S.W.2d at 307.

In their final point, defendants claim that the trial court erred in admitting into evidence the deposition of Leland Johnson. Defendants maintain that the deposition is inadmissible because it was taken during different litigation, between different parties, and involving different issues.

■ We have not been furnished with a copy of this deposition. However, all of the facts found by the trial court are supported by testimony adduced at trial and

---

**2.** A parcel of land in the Southwest quarter of Section Nine (9), Township Forty–Six (46) North, Range Two (2) West described as follows:

Commencing at a M.S.L.S.A. monument and situated at the common corners of Sections 8, 9, 16, and 17 of Township Forty–Six (46) North, Range Two (2) West, thence Eastwardly along the south line of Section Nine (9) a distance of 1,333.42 feet to an old iron rod, thence Northwardly along a line 3 degrees 49 minutes East a distance of 395.42 feet to a point which marks the beginning of the parcel herein described, thence Northwardly along a line 46 degrees 11 minutes West a distance of 1,203.33 feet to an old iron rod and concrete marker situated along the East right-of-way of Missouri State Highway 47, thence Northwardly along the East right-of-way of Missouri State Highway 47, the following courses and distances: North 34 degrees 10 minutes East a distance of 85.78 feet and North 31 degrees 26 minutes East 848.15 feet to a set iron rod located at the intersection of the South right-of-way of an old county road and the East right-of-way of Missouri State Highway 47, thence Southwardly along a line 70 degrees 07 minutes East a distance of 505.04 feet to a set iron rod, thence Southwardly along a line 3 degrees 49 minutes West a distance of 1,459.29

feet to the point of beginning; said tract containing 20.70 acres, as set out on a survey thereof dated September 1985 by County Engineering Co., Inc. and EXCEPTING THEREFROM a parcel of land in the Northwest quarter of the Southwest quarter of Section Nine (9), Township Forty-six (46) North, Range Two (2) West described as follows:

Beginning in the center of the driveway which lies North of a tract of land described in deed recorded in Book 124 Page 357, Warren County Recorder's Office; thence continuing north along the east right-of-way line of State Highway 47 215 feet to a stake for corner, being the point of beginning of the tract herein conveyed; thence East and parallel with the north line of said Northwest quarter of the Southwest quarter of Section 9 a distance of 190 feet to a stake for corner; thence North and parallel with the east line of said Northwest quarter of the Southwest quarter of Section 9 150 feet to a stake for corner; thence West and parallel with the North line of said Northwest quarter of the Southwest quarter of Section 9 190 feet to a point intersecting with State Highway 47, which would be 150 feet North of the point of beginning; thence following the east right-of-way line of State Highway 47 to the point of beginning, containing .65 of an acre, more or less.

reflected in the transcript without reference to the deposition. Therefore, sufficient evidence exists, notwithstanding Leland Johnson's deposition, to support the trial court's judgment. Erroneous admission of evidence in a court tried case does not provide grounds for reversal unless insufficient evidence remains to support the court's judgment. *Whitely v. Whitely,* 778 S.W.2d 233, 237 (Mo.App.1989). Moreover, prior to the offer of the deposition into evidence, defendants on two occasions read excerpts from the deposition during cross-examination of witnesses. Under the circumstances we find no error warranting reversal.

Since the judgment of the trial court is supported by the evidence and does not erroneously declare or apply the law, the judgment is affirmed.

SIMEONE and STEPHAN, JJ., concur.