**Gregory G. FENLON, Respondent,**

**v.**

**MANCHESTER CAB COMPANY OF GREATER ST. LOUIS, d/b/a Jiffy Delivery and Brian L. Foreman, Appellants.**

**No. 59413.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 10, 1991.

John M. Putzel, St. Louis, for appellants.

Gregory G. Fenlon, pro se.

CRIST, Judge.

In a bench-tried lawsuit, Appellant (Carrier) appeals from a judgment in the sum of $3,634 in favor of Respondent Fenlon for damages to a computer sustained while being transported by Carrier. We affirm.

On March 28, 1990, Fenlon employed Carrier to transport his personal computer to a computer installer to have an additional diskette installed. While transporting the computer, Defendant dropped the computer and damaged it.

 Carrier asserts the trial court erred in admitting into evidence a repair invoice and a letter written by Carrier to Fenlon. Carrier claims without this evidence Fenlon did not make a submissible case. It is difficult to predicate reversible error on the erroneous admission of evidence in a court-tried case. Carrier has the heavy burden of demonstrating lack of competent evidence to support the judgment of the trial court. If Fenlon made a submissible case with admissible evidence, Carrier fails. *In re Estate of Black*, 693 S.W.2d 899, 901[4] (Mo.App.1985); *Green v. Lange*, 797 S.W.2d 765, 770[9] (Mo.App.1990).

Fenlon made a submissible case. Fenlon testified he delivered the computer to Carrier. It was in good condition. By interrogatory, Carrier admitted dropping the computer. There was little dispute the computer was returned in a damaged condition. A presumption of Carrier's negligence arose from this evidence. *Resolute Insurance Co. v. Morgan Drive-Away, Inc.*, 403 S.W.2d 913, 919[6–8] (Mo.App. 1966). As to the admission of the repair invoice after a hearsay objection by Carrier, Carrier was not prejudiced. Only that part of the invoice pertaining to what was repaired was admitted. Payment for the repairs was shown by another exhibit introduced into evidence without objection. In a court-tried case, admission of an exhibit which contained facts found in other exhibits is not prejudicial. *Gardner v. Robinson*, 759 S.W.2d 867, 868[2] (Mo.App.1988).

As for the letter from Carrier to Fenlon after an objection the letter was an attempt to negotiate a settlement, Carrier was not prejudiced. In the letter Carrier admitted the computer "was apparently dropped by one of our drivers, however he did not report it to the office." The trial court omitted from evidence any part of the letter that might have suggested settlement or compromise and in court-tried cases, it is presumed the trial court considered only evidence properly received. *Mathis v. Glover*, 714 S.W.2d 222, 224[1] (Mo.App.1986).

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.