

# Missouri Court of Appeals

## Southern District

### Division Two

ROBERT STRATFORD and )
DORA STRATFORD, )
            )
    Plaintiffs-Appellants, )
            )
v. )    No. SD32415
            )    Filed: 5-16-14
ROGER LONG and )
PAMELA LONG, )
            )
    Defendants-Respondents. )

APPEAL FROM THE CIRCUIT COURT OF DOUGLAS COUNTY

Honorable R. Craig Carter, Associate Circuit Judge

## REVERSED AND REMANDED

Robert Stratford and Dora Stratford (hereinafter, Appellants) filed a petition seeking to quiet title to a tract of land (hereinafter described as the disputed area) which they claimed to have acquired through adverse possession. The trial court found in favor of the defendants Roger Long and Pamela Long (hereinafter, collectively referred to as Respondents). The court concluded that Appellants' possession of the disputed area was neither actual nor open and notorious.

Appellants present three points on appeal, arguing that the trial court misapplied the law and erred by reforming Respondents' deed. We agree with Appellants that the

facts found by the trial court satisfy the requirement that Appellants' possession be actual, as well as open and notorious. We reverse the judgment and remand the case for further proceedings consistent with this opinion.

## Standard of Review

Our review in a court-tried case is governed by Rule 84.13(d).[1] We must affirm unless the trial court's judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Grider v. Tingle*, 325 S.W.3d 437, 440 (Mo. App. 2010). "Although we generally defer to the trial court's findings of fact, we review conclusions of law without deference to the trial court." *Smith ex rel. Stephan v. AF & L Ins. Co.*, 147 S.W.3d 767, 773 (Mo. App. 2004). We independently review whether the trial court properly declared or applied the law to the facts presented. *Id*.

## Factual and Procedural Background

The parties are the present owners of abutting tracts of land in Douglas County. Appellants' land sits to the east of Respondents' land. The disputed area is a strip of land situated between the parties' properties. A spring runs across the northern part of the parties' properties. A waterfall is located along the spring in the disputed area, west of the main source of the spring located on Appellants' property. The trial court made the following factual findings.

Appellants purchased their land in 1976. The legal description in Appellants' deed does not include the disputed area. Appellants had the land surveyed at the time of purchase. A fence located near the northwest corner of the property bent west around the

---

[1] All rule references are to Missouri Court Rules (2013).

upper ledge of the waterfall. Appellants thought the fence was the boundary line of that portion of their property.

Although Appellants had purchased the property in 1976, they did not move onto the property until 1985. Appellants installed a 1500-foot coil that ran from their home's geothermal heat pump to the spring. Appellants also constructed a berm, 374 feet in length, that separated a smaller stream from the larger spring on the property. This constructed berm extended from Appellants' property into the disputed area.

In 1997, Appellants constructed a fence on what they understood to be their west boundary line, beginning in the southwest corner of their property.[2] As the fence ran north, Appellants tied it into the existing fence around the waterfall. Appellants told Russell Doran (Doran), who then owned Respondents' property, that Appellants were constructing a fence on the survey line. Appellants' intention was to establish a boundary line with the fence. The new fence ran through a pasture and was clearly visible. Doran ran cattle in the pasture up to the fence.

In addition to running the coil to the spring and constructing the berm, Appellants mowed and "brush hogged" the land in the disputed area approximately once per year. Appellants also maintained a "bee habitat" and allowed their bees to use the disputed area to pollinate.

Respondents purchased their property in 2005. A dispute arose as to the exact location of the property line, and Respondents removed Appellants' fence in 2010.

---

[2] Appellants based the boundary line off of markers placed during the pre-purchase survey. Before building the new fence, Appellants had the original survey "rechecked."

3

Appellants filed a petition to quiet title to the disputed area and alleged that they had acquired ownership through adverse possession. Respondents filed a counterclaim seeking relief via a declaratory judgment to remove an alleged ambiguity in the legal description of the deed to Respondents' property.[3] Following a bench trial, the court made factual findings and entered judgment in favor of Respondents. The trial court concluded that Appellants had not proven their adverse possession claim because the facts found by the court were insufficient to prove that Appellants' possession of the disputed area was actual, open and notorious. The court also reformed Respondents' deed as requested.

**Analysis**

In Appellants' first two points, they contend the trial court misapplied the law by concluding that Appellants failed to prove their adverse possession claim. Appellants argue that the facts found by the court were sufficient to prove that Appellants' possession of the disputed area was actual, open and notorious. We agree.

A party who seeks to establish title to real property by adverse possession must prove that he possessed the land, and that his possession was: (1) hostile and under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for a period of ten years. *Conduff v. Stone*, 968 S.W.2d 200, 203 (Mo. App. 1998). The claimant's failure to prove even one of the elements of adverse possession will defeat his claim. *Id*. "Adverse possession presents mixed questions of law and facts, and the

---

[3] The deed conveying Respondents' property to them excluded "10 Acres off of the East side or a sufficient amount to include the spring that affords water for the mill known as Lyons Mill[.]" Respondents alleged that there had not been a mill using water from the spring on the parties' properties "for many years" and asked the court to remove the exception in the property description. Respondents requested that the court remove the 10-acre exception contained in the legal description and reform their deed.

principles or elements to prove such a case are viewed with the view that every property is unique." ***Kitterman v. Simrall***, 924 S.W.2d 872, 876 (Mo. App. 1996). Each case must be decided in light of its own unique circumstances, and much depends on the location, the character and the use to which the land in question may reasonably be put. ***Harris v. Lynch***, 940 S.W.2d 42, 45 (Mo. App. 1997).

*The Actual Possession Element*

"Actual possession is the present ability to control the land and the intent to exclude others from such control." ***Eime v. Bradford***, 185 S.W.3d 233, 236 (Mo. App. 2006). "A mere mental enclosure of land does not constitute the requisite actual possession." ***Harris***, 940 S.W.2d at 45. "Rather, there must be continual acts of occupying, clearing, cultivating, pasturing, erecting fences or other improvements and paying taxes on the land." ***Id***.

The trial court's judgment contained a lengthy quotation from ***Teson v. Vasquez***, 561 S.W.2d 119, 125-26 (Mo. App. 1977). The trial court cited ***Teson*** for the proposition that, to prove the element of actual possession, Appellants were required to show they used the entire disputed area. The trial court concluded that:

> The credible evidence in this case showed, as to the entire contested area, the [Appellants] made no use of the entire contested parcel. There was no evidence that [Appellants] used the entire parcel for any use. Part of this parcel was a low-lying natural spring area, another quite small part was pasture, while much of the land was unimproved, rough and hilly timbered land. The [Appellants'] evidence was devoid of facts that would show that the "entire" area was used for anything. Accordingly, the Court finds that the [Appellants] have failed to prove actual possession of the entire parcel.

We agree with Appellants that the trial court misapplied the law to its factual findings in reaching this legal conclusion.

5

The trial court failed to account for the densely wooded and rugged nature of much of the disputed area. "Actions that support a finding of adverse possession in a densely populated or highly developed area are not the same as those that would support a finding for land that is sparsely populated or undeveloped." *Luttrell v. Stokes*, 77 S.W.3d 745, 749 (Mo. App. 2002). "The 'actual possession' element of adverse possession is less strict for wild, undeveloped land than it is for developed land, because the nature, location, and possible uses for the property may restrict the type of affirmative acts of ownership that may be appropriate for the land." *Id*. "Less affirmative acts of ownership are required to constitute adverse possession when the land itself is rough and left in its natural state." *Whiteside v. Rottger*, 913 S.W.2d 114, 120 (Mo. App. 1995).

The trial court's own factual findings demonstrate that Appellants ran a long geothermal coil from their home to the spring and constructed a large 374-foot berm in part on the disputed area. Appellants also used the wooded part of the disputed area to allow their bees to pollinate. "[T]he nature of the property determines the kinds of acts which constitute possession." *Cunningham v. Hughes*, 889 S.W.2d 864, 867 (Mo. App. 1994). Given the "rough and hilly" quality of most of the disputed area, these acts are sufficient to establish Appellants' actual possession of the disputed area.

Appellants also constructed a fence through the open, pasture part of the disputed area. By constructing the fence through the pasture, Appellants established a boundary and limited use of the pasture by Respondents' predecessors' cattle. "When a border, even though erroneous, is observed by all parties as the boundary for the statutory period, it becomes the true boundary through adverse possession." *Watson v. Mense*, 298 S.W.3d 521, 526 (Mo. banc 2009). Appellants also maintained the land on their side of

6

the fence by cutting the brush and clearing the pasture. Again, the acts of possession undertaken by Appellants, considered together, are sufficient to satisfy the actual possession element in light of the character and location of the disputed area.

*The Open and Notorious Possession Element*

In the judgment, the trial court cited **Henderson v. Town & Country Grocers**, 978 S.W.2d 850, 856 (Mo. App. 1998), for the proposition that Appellants had to prove their occupancy was "conspicuous, widely recognized and commonly known" in order to satisfy the open and notorious possession element of their adverse possession claim. The trial court concluded that Appellants failed to prove this element because they did not install "No Trespassing" signs. Appellants argue that the trial court misapplied the law in concluding that the facts it found were insufficient to prove open and notorious possession. Once again, we agree.

The requirement that the occupancy be "conspicuous, widely recognized, and commonly known" exists to make sure that "the legal owner had cause to know of the adverse claim of ownership by another." **Bowles v. McKeon**, 217 S.W.3d 400, 405 (Mo. App. 2007). "The possession must be as notorious as the nature of the land will permit." **Kline v. Bourbon Woods, Inc.**, 684 S.W.2d 938, 940 (Mo. App. 1985) (citation omitted). "The open and notorious requirement of adverse possession can be met by showing the defendant's actual knowledge of a plaintiff's claim." **Dobbs v. Knoll**, 92 S.W.3d 176, 183 (Mo. App. 2002). Knowledge or notice has been held to mean "knowledge of all that would be learned by reasonable inquiry." **Id**. "If actual knowledge is not proved then the claimant must show an occupancy so obvious and well recognized as to be inconsistent

7

with and injurious to the real owner's rights that the law will authorize a presumption from the facts that he had such knowledge." *Teson*, 561 S.W.2d at 127.

The trial court found that: (1) Doran was told by Appellants that they were constructing a boundary fence through the open pasture; and (2) once the fence was installed, Doran's cattle used the pasture only up to Appellants' fence line. Therefore, Doran had actual knowledge of Appellants' possession of the disputed area and their intention to claim all of the land inside the fence as their own. Thereafter, Doran accepted the fence as the boundary line, and the cattle he pastured in the field were not able to cross the fence line to graze on the disputed area any longer. None of Respondents' predecessors in title challenged Appellants' use of the disputed property at any time during the statutory period. The court also found that Appellants' 374-foot berm, which took three years to construct, was visible from the county road, despite the rugged and wooded nature of the land in that area. The foregoing factual findings were sufficient to prove that Appellants' use of the disputed area was open and notorious. Taking into account the character of the disputed area and Doran's actual knowledge of Appellants' use of the land, their possession of the property was sufficiently conspicuous to satisfy the open and notorious requirement. *See Kline*, 684 S.W.2d at 940. Points I and II are granted.

*The Reformation of Respondents' Deed*

In Appellants' third point, they assert that the trial court also erred by reforming Respondents' deed so as to give Respondents record title to the spring portion of the disputed area. In light of our disposition of Appellants' first two points, Appellants are

8

correct. To the extent the reformed deed includes any portion of the disputed area, the trial court erred by giving Respondents legal title to that land. Point III is granted.

The trial court's judgment in favor of Respondents is reversed. The cause is remanded for further proceedings consistent with this opinion.

JEFFREY W. BATES, P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR