Barbara B. (Busby) BRIDGES, Plaintiff-Respondent,

v.

FIRST NATIONAL BANK IN ST. LOUIS, Defendant-Appellant.

No. 42127.

Missouri Court of Appeals, Eastern District, Division One.

March 17, 1981.

J. Joseph Schlafly, III, St. Louis, for defendant-appellant.

William J. Fletcher, Clayton, for plaintiff-respondent.

STEWART, Judge.

This is a civil action for damages in which judgment was entered in favor of plaintiff, Barbara Bridges, formerly Barbara Busby, in the sum of $3,750.00. We reverse.

■ We view the evidence in the light most favorable to the plaintiff, the prevailing party. *Tellis v. Union Electric Company*, 536 S.W.2d 742 (Mo.App.1976). Plaintiff is the former wife of Albert Busby. During their marriage Mr. Busby purchased a 1974 Volkswagon. Title was taken in Mr. Busby's name and he executed a note and security agreement in the sum of $5,649.84 in payment of the balance of the purchase price. Defendant First National Bank became the holder of the note and the security agreement. Plaintiff and Mr. Busby separated in May, 1976. They agreed at that time that plaintiff would keep the Volkswagon, and make the remaining payments on the note. Plaintiff was unable to make the August, 1976 payment on time and contacted defendant and spoke with Jill Zobrist and obtained an extension of time in which to make the payment. Defendant sent plaintiff a "disclosure statement for extension." Plaintiff signed an acknowledgement of receipt of the disclosure statement and returned it to defendant.

After Mr. Busby had been served with process in the dissolution action he moved to the State of Illinois. Plaintiff obtained a default judgment of dissolution on September 30, 1976. The decree awarded her the 1974 Volkswagon subject to the note and security agreement which plaintiff was to assume and pay and Mr. Busby was ordered to execute the assignment of the title to plaintiff.

The following month plaintiff called the defendant and informed Ms. Zobrist that her marriage to Mr. Busby had been dissolved; that she had been awarded the automobile, and wanted to know how to change the title to her name. She was told that the defendant had possession of the title and she could not get the title changed until the bank was paid off then she could go to Motor Vehicle Registration and have it changed. Plaintiff also went to an office of the Motor Vehicle Registration section of the Department of Revenue and was advised that she would have to have the certificate of title before it could be transferred.

In February of 1977 plaintiff sent the defendant a copy of the decree of dissolution. In September of 1977 she called defendant and spoke with a woman whose name she did not remember who confirmed that the defendant had received the decree and stated that she would see that the certificate of ownership to the car was mailed to plaintiff when the note was paid off.

On October 21, 1977, about 9:50 AM, Mr. Busby called Mr. Stelmachowicz an employee of defendant and said that he had given plaintiff the car and asked if she was making the payments and if not he would pay off the note and pick up the car. The account was delinquent at the time. After the phone call Mr. Stelmachowicz called plaintiff's home and spoke to a child who did not know how plaintiff could be reached. Mr. Busby went to the bank later in the day and paid the sum of $368.63, the balance due on the note. The balance consisted of two payments of $156.94 each and $54.75 in late charges. Plaintiff testified that she had made payments of approximately $2,300.00.

Upon payment of the balance due on the note Mr. Stelmachowicz gave Mr. Busby the certificate of ownership to the car. In the late evening of October 25, 1977, a man with a tow truck appeared at the home of plaintiff, displayed the certificate of title in Mr. Busby's name and demanded the vehicle on behalf of Mr. Busby. After some discussion the car was towed and placed in possession of Mr. Busby. What has happened to the vehicle and the certificate of ownership to the car was not developed.

Plaintiff pleaded and submitted her cause on the theory of negligence in that defendant knew or should have known that plaintiff had a right to receive the automobile "title"; that defendant delivered the title to Mr. Busby; that defendant was thereby negligent; and that such negligence proximately caused plaintiff to suffer damages.

Defendant contends that the court erred in denying its motion for judgment notwithstanding the verdict because (1) plaintiff failed to prove that defendant was negligent in delivering the certificate of ownership to Mr. Busby in that defendant was required by statute to deliver the certificate to Mr. Busby; (2) the delivery of the certificate of ownership to Mr. Busby was not the proximate cause of damage to plaintiff, rather the proximate cause was Mr. Busby's failure to execute an assignment of title to plaintiff.

■ We consider this case upon the theory upon which it was tried in the trial court. *Wright v. Interco Incorporated*, 567 S.W.2d 149 (Mo.App.1978). The theory of recovery submitted to the jury was that defendant owed a duty to deliver the certificate of ownership to plaintiff. In *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 932 (Mo.App. 1976), we said that "[b]efore an act is said to be negligent, there must exist a duty to the individual complaining, the observation of which would have averted or avoided injury." At all times respecting this litigation Mr. Busby was the record owner of the vehicle. His possession of the certificate of ownership gave him no greater right to obtain possession of the vehicle than at any other time after he and plaintiff were separated. The defendant bank was powerless to enforce the judgment of the court. See *Gross v. Gross*, 557 S.W.2d 448, 452 (Mo. App.1977). Transfer of title was required to be made by assignment as provided by statute, § 301.210 RSMo 1969. *Horton v. State Farm Fire & Casualty Co.*, 550 S.W.2d 806, 809 (Mo.App.1977).

Even more persuasive is the effect of § 301.640 RSMo 1969 which in pertinent part reads as follows:

"Upon the satisfaction of a lien or encumbrance in a motor vehicle or trailer for which the certificate of ownership is in the possession of the lienholder, he shall, within ten days after demand and, in any event, within thirty days, execute a release of his lien ... and mail or deliver the certificate and release ... to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate. The owner may cause the certificate and release to be mailed or delivered to the director of revenue, who shall release the lienholder's rights on the certificate or issue a new certificate."

Mr. Busby came into the bank at a time when his note was in default; he paid the balance due; the bank had no authorization from him to deliver the release and certificate of ownership to any other person. As between Mr. Busby and defendant, Mr.

Busby was entitled to receive the release of lien and the certificate of ownership.

We cannot conceive of the situation when a person can be liable for following the mandate of a valid statute in the manner required by the statute. An agreement to act in violation of the statute would be void. *Sandbothe v. Williams*, 552 S.W.2d 251, 254 (Mo.App.1977).

There was no proof of any duty owed to plaintiff by defendant that would give rise to a cause of action for negligence in this case.

Were we to find that plaintiff had made a prima facie case of negligence against defendant in delivering the certificate of ownership to Mr. Busby, we would have to hold that such action on the part of defendant was not the proximate cause of the damages suffered by plaintiff. The "proximate cause" of an event has been defined as "that which, in a natural and continuous sequence, unbroken by a new cause, produces the event and without which the event would not have occurred." *King v. Ellis*, 359 S.W.2d 685, 688 (Mo.1962). The injury sustained by plaintiff was that she was deprived of ownership of the motor vehicle. The judgment of the court in the action for dissolution, decreed that the vehicle be awarded to plaintiff. It further ordered that Mr. Busby execute title assignment. It was the intentional failure of Mr. Busby to execute the assignment of ownership to plaintiff that caused her to be deprived of the ownership of the vehicle. This Mr. Busby could have done whether or not he had possession of the certificate of ownership. His possession of the certificate of ownership gave him no greater right in the vehicle than he had before. It cannot be said that plaintiff would not have suffered the loss of the vehicle except for the action of defendant.

It follows from what we have said that the judgment is reversed.

STEPHAN, P. J., and DOWD, J., concur.