John T. PRINDABLE,
Plaintiff/Appellant,

v.

James J. WALSH, et al., Defendants/Respondents.

No. ED 79472.

Missouri Court of Appeals,
Eastern District,
Division One.

March 5, 2002.

James J. Sauter, St. Louis, for Appellant.

Thomas P. Berra, Jr., St. Louis, for Respondent.

CHARLES B. BLACKMAR, Senior Judge.

Plaintiff John T. Prindable (Prindable) appeals from the trial court's dismissal of all four counts of his petition against defendants James P. Walsh, Lillian M. Walsh, (Walsh) and 1709 Building, Inc. for failure to state claims on which relief can be granted. We conclude that the petition, liberally construed as our rules require, is sufficient to withstand a motion to dismiss, and so reverse and remand for further consistent proceedings.

The Walshes complain that Prindable's statement of his points relied on does not comply with Rule 84.04(d). Both parties could profit by careful study of the article by Judge Harry L.C. Weier and W.A. Fairbanks, *"Why Write a Defective Brief: Give Your Client a Chance on Appeal,"* 33 J. Mo. Bar. 79 (Jan./Feb. 1977), but we believe that the points as stated are sufficient to advise us as to the rulings challenged and why they are deemed erroneous. If a timely motion had been directed to the brief, such corrections as might be necessary could undoubtedly have been made. The Walshes, furthermore, are poorly equipped to complain about Prindable's brief because their lengthy, argumentative and demeaning statement of the case flagrantly violates the prescription in Rule 84.04(c) for "a fair and concise statement of the facts relevant to the questions presented for determination, without argument." *See also* Rule 84.04(f). We have no problem in reaching the merits of the appeal.

Prindable's petition, to which the trial judge directed his ruling, contains four counts. Count one contains 14 numbered paragraphs, the first twelve of which are incorporated into Count two, and all fourteen of which are incorporated into Counts three and four. These include the following statements:

3. In 1985, Prindable ... entered into a sales contract for the purchase of ... property. Prior to closing on the

property, Prindable and [defendant James P.] Walsh agreed to and entered into a 50/50 oral partnership ... in which Prindable and Walsh would invest....

4. The defendants Walsh ... took said property in their names as nominees for Prindable and Walsh, partners, and thereafter transferred the property into the Defendant Seventeen–o–Nine Building, Inc. ...

5. At the time of the transfer of the aforesaid real estate, all of the assets of the partnership were transferred into the corporation ... Prindable and Walsh agreed each would be fifty percent (50%) stockholders of the corporation. Prindable and Walsh invested in this corporation. Prindable invested in the corporation One Hundred Twenty Two Thousand Dollars ... and further contributed to the corporation [property] with a value of Twenty Thousand Dollars for a total investment by the Plaintiff of $142,000.00.

6. At all times relevant, Prindable was subject to tax liens and Prindable did not want such liens to attach to or inhibit their interest in the Corporation and, therefore, the parties agreed that one hundred percent ... of the stock would be issued to Walsh and one-half ... of said stock in the name of Walsh would be endorsed in blank by Walsh with Walsh acting as Prindable's nominee and for the benefit of Prindable. Prindable was led by Walsh to believe that Walsh had completed these endorsements....

Each of the other counts contained additional allegations in numbered paragraphs. We conclude that the facts set out in or incorporated into each of the four counts of the Petition demonstrate claims sufficient to survive a motion to dismiss.

Prindable objects to the action of the trial court in denying leave to amend following dismissal of his petition. Although the issue has been fully briefed we do not find it necessary to discuss the point, because we conclude that the trial court erred in dismissing the petition as it stood. On remand the trial court may consider any further requests for leave to amend in accordance with Rule 55.33(a). It is good practice to accompany any motion for leave to amend with a copy of the proposed amended petition as Prindable did. The denial of leave to amend, furthermore, makes it clear that the plaintiff was out of court with no way to get back except through appeal, so that the judgment of dismissal is appealable even though it does not specify that it was "with prejudice." See *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997); *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo.App.2000).

■ The remaining points on appeal relate to the propriety of the dismissal of all four counts of the petition for failure to state claims on which relief can be granted. The law generally favors trial on the merits and the criteria for judging the sufficiency of petitions have been developed to promote this purpose. *Collins v. Swope*, 605 S.W.2d 538, 540 (Mo.App.1980). On appeal we must allow the pleadings their broadest intendment, treating the facts alleged as true, and must determine whether the petition invokes substantive principles of law. *Hyatt v. Trans World Airlines, Inc.*, 943 S.W.2d 292, 295 (Mo. App.1997). A petition cannot be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim that would give a right to relief. *McIntosh v. Foulke*, 360 Mo. 481, 228 S.W.2d 757, 761 (1950).

■ The prayer for relief, furthermore, is not a part of the petition. The

character of a cause of action is determined from the facts stated along with the relief sought. *Memco, Inc. v. Chronister,* 27 S.W.3d 871, 875 (Mo.App.2000). If sufficient facts are pleaded and proved, the court may give appropriate relief, and is not confined to the relief sought in the petition.

The governing rules read as follows:

Rule 41.01: There shall be one form of action, to be known as "civil action."

Rule 55.04: Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading are required.

Rule 55.05: A pleading that sets forth a claim for relief . . . shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled . . .

Rule 55.15: In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Applying the above prescriptions we conclude that all four counts, liberally construed as required by the rules and authorities, state facts which, if established, entitle Prindable to relief. The court below, then, erred in sustaining Walshes' motion to dismiss for failure to state a claim. *See Preferred Physicians Mutual Management Group v. Preferred Physicians Mutual Risk Retention,* 918 S.W.2d 805 (Mo.App.1996); *Memco,* 27 S.W.3d at 875–76.

### Count I

Count I alleges, in addition to the paragraphs set out above, the following:

13. Walsh breached his fiduciary duty to Prindable as his nominee by failing to endorse Stock Certificates to Prindable and by failing and refusing to deliver Stock Certificates to Prindable for his fifty percent . . . interest in the corporation.

The prayer is that the Walshes be required to issue fifty percent of the stock of the defendant corporation to Prindable.

Prindable alleges that he invested money and property of a value of $142,000 which found its way into the corporation's coffers, that he had agreed with Mr. Walsh that each of them was to have a 50% interest in the corporation, that Walsh agreed to hold Prindable's shares as Prindable's nominee, that Walsh failed to perform his undertaking to endorse the shares of which he was nominee in blank, and that Walsh refused to deliver the certificates to Prindable when requested. Surely, if these facts are established, the law provides a civil remedy. It is stated in the petition that Prindable invested $142,000 and received nothing, with the Walshes having and keeping complete control of the corporation which was the ultimate recipient of Prindable's investment.

■ Fiduciary duty is clearly established inasmuch as Mr. Walsh had control over shares which equitably belonged to Prindable. See *Fix v. Fix,* 847 S.W.2d 762, 765 (Mo. banc 1993); Black's Law Dictionary, 7th Ed.1993, definitions of "fiduciary" and "fiduciary contract." *See* also *Ryan ex rel. Estate of Spiegelhalter v. Spiegelhalter,* 64 S.W.3d 302, 307–08 (Mo. 2002). It is stated in the petition that the beneficial owner of these shares was not Mr. Walsh but Prindable.

The term "nominee" has an established meaning in the law of securities. See definition in Black's Law Dictionary, 7th Edition 1999, definition of "nominee: . . . 2. A person who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others

..." Most corporate shares, indeed, are probably issued in the names of nominees. The typical example is the conventional brokerage account. If a person is a nominee for another, the nominee is not the beneficial owner. Prindable's statement that Mr. Walsh was to be his "nominee" is an explicit statement of fact sufficient to give him a right to a trial determining whether he is entitled to be the stockholder of record, or is entitled to alternative relief in equity.

The prayer in Count I is for specific performance, but, as has been previously established, the prayer is not part of the petition, and the court is not limited to the relief prayed for. The pleading, indeed, contains the customary equitable prayer for general relief, and the court may give such relief as it deems equitable and just based on the facts established at trial.

Prindable's admitted purpose of concealing his ownership of the shares from the taxing authorities may be a circumstance to be considered in the awarding of equitable relief, but does not justify dismissal.

The Walshes assert that breach of fiduciary duty is "a claim arising in tort." Our rules provide that "[t]here shall be one form of action to be known as civil action." Rule 42.01. Thus, labels are not significant. The claim stated in the petition might be variously described, but still the facts stated, if proved, give a right to some kind of relief. Under prevailing authority, dismissal of Count I was erroneous.

## Count II

Count II purports to set forth a shareholder's claim for dissolution pursuant to Section 351.494 RSMo (2000), asserting various statutory grounds. A prior action seeking the same relief had been considered by another judge and dismissed for the assigned reason of lack of standing because Prindable was not the shareholder of record. The judge of the court below, in sustaining the motion to dismiss, stated that he would follow this decision.

The Walshes allege that Count II is barred by *res judicata*, or at least by *stare decisis*. The assigned reason for dismissal in the earlier case was want of standing as a shareholder. Such a dismissal is necessarily without prejudice because, if Prindable lacked standing to sue, the court could go no further with the case and had no power to prejudice him by any judgment entered. Thus the prior dismissal could not preclude a later action, if Prindable were able to correct the problem of record ownership.

In Count I in the present case Prindable sought to establish his status as a shareholder by alleging facts which, if proved, would give him a right to have shares issued to him. The case, then, is squarely within the authorization of Rule 55.06(b), reading as follows:

> Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties....

■ If Prindable can establish his rights as a shareholder as prayed in Count I, he may then proceed under Count II. Count II is not barred by the prior action, because relief under Count I might remove the obstacle found in the prior action. Prindable cannot be faulted for not prosecuting the contingent claim in the earlier action, because the procedure under Rule 55.06(b) is optional rather than mandatory for him. Thus the court below erred in dismissing Count II.

## Count III

Count III sought damages for fraud and deceit. It is alleged that "Walsh repre-

sented to Prindable that he had properly endorsed fifty percent ... of the outstanding shares of stock in blank as nominee of Prindable." This is a statement of material fact and, if false, may support a recovery for fraud.

■ The Walshes argue that the petition is insufficient in that Prindable did not plead that Mr. Walsh's representations that he would hold the stock for Prindable were false at the time they were made. This is a misreading of Count III. The allegation is that, after the agreement was made, Mr. Walsh represented that he had complied with its terms by endorsing the shares in blank as required. By liberal construction, this was a false statement made after the parties' agreement. One can easily see that such a false statement might lull Prindable into the belief that his interest was clearly protected and that no additional action on his part was required.

No fault is pointed out as to the other elements of an action for fraud, as set out in the leading case of *Sofka v. Thal*, 662 S.W.2d 502, 506 (Mo. banc 1983), and often reiterated in other cases.

The court below erred in dismissing Count III for failure to state a claim.

### Count IV

■ Count IV is factually similar to Count I, but rather seeks damages and not specific performance. If Walsh held shares in his name and under his control when the shares equitably belonged to Mr. Prindable, then he was a fiduciary, as the discussion of Count I shows, and if he used the shares in his own interest, rather than recognizing Prindable's interest, he breached his fiduciary duty. The court might believe that a damage award, rather than specific performance, was the appropriate remedy. Just as in Count I, the facts realleged and those stated in Count IV, if established, demonstrate a right to an appropriate remedy.

All four counts of the petition state or incorporate facts sufficient to withstand a motion to dismiss for failure to state a claim. A contrary holding would violate the letter and spirit of the Rules of Civil Procedure.

We of course express no opinion as to whether the plaintiff will be able to prove any part of his claim. All we say is that the petition appropriately sets the stage for further proceedings. On remand it would be in order for the parties to direct such non-dispositive motions to the pleadings as they think desirable.

The judgment of dismissal is reversed and the case is remanded for further proceedings.

WILLIAM H. CRANDALL, Jr., P.J. and ROBERT G. DOWD, Jr., J., concur.