**Richard MOORE, Plaintiff–Appellant,**

v.

**FIRSTAR BANK, Defendant–Respondent.**

No. 24844.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 15, 2003.

Motion for Rehearing or Transfer
Denied Jan. 31, 2003.

Application for Transfer Denied
March 4, 2003.

---

Steven E. Marsh, Springfield, for Appellant.

Daniel R. Wichmer, Lee E. Poppen, Lathrop & Gage, L.C., Springfield, for Respondent.

PHILLIP R. GARRISON, Judge.

Richard Moore ("Plaintiff") appeals the dismissal of a suit he filed against Firstar Bank ("Defendant") and the denial of a motion to amend his petition. We affirm.

On July 17, 2000, Plaintiff agreed to purchase a vehicle from Laurie Lund ("Lund"). Lund was a loan customer of Defendant, which held the certificate of title ("title") to the vehicle at its depository facility in St. Louis as collateral for a loan. On the same day, Plaintiff paid the balance of the loan to Defendant, and Plaintiff and Lund instructed Defendant to deliver the title directly to Plaintiff upon its receipt from Defendant's depository. Defendant agreed to release the lien and to deliver the title to Plaintiff.

Defendant did not, however, deliver the title to Plaintiff. Instead, it notified Lund, but not Plaintiff, that the title had been lost. Defendant instructed Lund to have a duplicate title issued in her name. Lund did so, but refused to assign and deliver the duplicate title to Plaintiff.

Plaintiff filed a two-count petition against Defendant alleging that he had been damaged by Defendant's failure

to deliver the title as agreed, and that Defendant had been negligent. Defendant filed a motion to dismiss contending that (1) Plaintiff's petition failed to state a claim upon which relief could be granted; (2) that Defendant's conduct was not the proximate cause of Plaintiff's damages in that any damage was caused by Lund's refusal to convey title to Plaintiff; (3) that Defendant complied with Section 301.640; [1,2] (4) that Plaintiff failed to join Lund as an indispensable party to the lawsuit; and (5) that, as a result of litigation between Plaintiff and Lund, Plaintiff's claim was barred by collateral estoppel.[3] The trial court sustained Defendant's motion to dismiss and entered judgment against Plaintiff. Plaintiff filed two motions to amend the petition, both of which were denied.[4] This appeal followed.

■■■ While the dismissal of a petition is generally not appealable, such a dismissal is appealable when the dismissal, and the denial of a motion to amend, effectively make it clear that a plaintiff is out of court, with no way to get back except through appeal. In such circumstances, the judgment of dismissal is appealable even though it does not specify that it was "with prejudice." *Prindable v. Walsh*, 69 S.W.3d 912, 914 (Mo.App. E.D.2002).

In reviewing the circuit court's dismissal of a petition, [an appellate court] determines if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. We treat the facts averred as true and construe the averments liberally and favorably to the plaintiff. A petition is not to be dismissed for failure to state a claim if any set of facts is asserted which, if proved, would entitle the plaintiff to relief.

*Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993) (citations omitted).

■■■ Plaintiff's first point alleges the trial court erred in sustaining Defendant's motion to dismiss Plaintiff's petition as to Count I of the petition. Plaintiff's petition alleged:

COUNT I

. . . .

3) On July 17, 2000, Plaintiff agreed to purchase and [Lund] agreed to sell to Plaintiff a 1996 Dodge One–Ton Flatbed Truck, Vin # 1B6MC36C0TS717247.

4) [Lund] was a loan customer of [Defendant] which held the title to said truck as collateral for a loan.

---

1. All statutory references are to RSMo 2000 and all rule references are to Missouri Rules of Civil Procedure (2002), unless otherwise indicated.

2. Section 301.640 defines the duty of a lienholder, upon the satisfaction of a lien or encumbrance of a motor vehicle or trailer for which the certificate of ownership is in its possession, to release the lien or encumbrance and mail or deliver the certificate to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate.

3. The record in this case contains only a passing reference to prior litigation between

Plaintiff and Lund, but no evidence relating to that matter.

4. Plaintiff argues that a motion to dismiss is not a responsive pleading and that, therefore Rule 55.33(a) entitles him to amend his petition without leave of the court. However, Rule 55.33(a) applies only to a first amended petition, and Plaintiff's points relied on address only the court's denial of his motion to file his second amended petition. Because the point relied on defines the scope of appellate review, we need not address whether the trial court erred in denying Plaintiff's motion to file a first amended petition. *See Rea v. Moore*, 74 S.W.3d 795, 799 (Mo.App. S.D. 2002).

5) On July 17, 2000, Plaintiff paid-off said loan to release said collateral, and both Plaintiff and [Lund] instructed [Defendant] personnel to send and deliver the title to said truck to Plaintiff upon its delivery from [Defendant's] depository facility in St. Louis.

6) [Defendant] agreed to release its lien and send and deliver said title to Plaintiff.

7) Plaintiff relied upon [Defendant's] promise and agreement to send and deliver said title to Plaintiff in paying funds to [Defendant] and [Lund].

8) [Defendant] never sent or delivered said title to Plaintiff as promised and agreed, and said title was apparently lost by [Defendant] prior to sending and delivering the same to Plaintiff.

9) [Defendant] notified [Lund] that the title had been lost, but never so notified Plaintiff.

10) At [Defendant's] instruction, [Lund] subsequently caused a duplicate title to be issued to herself and she thereafter refused to deliver the same to Plaintiff.

11) Although demand has been duly made, [Defendant] has failed to refused [sic] to send and deliver said title to Plaintiff as promised and agreed.

12) As a direct result of the foregoing, Plaintiff has been damaged in the sum of at least $8,000 arising from the loss of funds paid by Plaintiff, Plaintiff's loss of use of the truck, attorney's fees and other related costs and expenses.

■ In breach of contract actions, a party must show (1) the existence of an enforceable contract between the parties to the action; (2) that mutual obligations had arisen under its terms; (3) that the party being sued had not performed obligations imposed by the contract; and (4) that the party seeking recovery was damaged as a result. *Superior Ins. Co. v.* *Universal Underwriters Ins. Co.,* 62 S.W.3d 110, 118 (Mo.App. S.D.2001).

■ Plaintiff has failed to allege facts sufficient to show he was damaged as a result of Defendant's actions or inaction. At all times, Lund was the record owner of the vehicle. To transfer title to another party, assignment is required, as outlined by Section 301.210.1. *Bridges v. First Nat'l Bank in St. Louis,* 613 S.W.2d 716, 718 (Mo.App. E.D.1981). Mere possession of the title would not entitle Plaintiff to any ownership interest in the vehicle. Therefore, as Defendant argued, the cause of any damage sustained by Plaintiff was Lund's refusal to execute the assignment, not Defendant's failure to deliver the title to Plaintiff.

■ Plaintiff argues that, at a minimum, Count I pleads a cause of action for promissory estoppel. The doctrine of promissory estoppel has been acknowledged and applied in Missouri, but it is to be used cautiously, sparingly, and only in extreme cases to avoid unjust results. *Geisinger v. A & B Farms, Inc.,* 820 S.W.2d 96, 98 (Mo.App. W.D.1991); *Meinhold v. Huang,* 687 S.W.2d 596, 599 (Mo. App. E.D.1985). To recover on the doctrine of promissory estoppel there must have been (1) a promise, (2) on which the party seeking to recover relied to his detriment, (3) in a way the person making the promise expected or should have expected, and (4) the reliance resulted in an injustice which can be cured only by enforcement of the promise. *Blackburn v. Habitat Dev. Co.,* 57 S.W.3d 378, 387 (Mo.App. S.D. 2001); *Halls Ferry Invs., Inc. v. Smith,* 985 S.W.2d 848, 853 (Mo.App. E.D.1998).

The doctrine of promissory estoppel is not applicable in the instant case. Enforcing Defendant's promise, assuming there was one, is not the only method of curing the injustice. As Plaintiff was damaged by

Lund's refusal to assign the title to him, ordering such an assignment would cure the injustice.

Because the issue of damages is dispositive of Plaintiff's first point, we do not address the other possible reasons for dismissal. Plaintiff failed to allege facts sufficient to state any grounds for relief; therefore, Plaintiff's first point is denied.

▮▮▮ Plaintiff's second point alleges the trial court erred in sustaining Defendant's motion to dismiss Plaintiff's petition as to Count II. Plaintiff's petition alleged:

COUNT II

. . . .

1) Plaintiff incorporates by reference the allegations of Count I.

2) [Defendant] was negligent in one or more of the following respects:

(a) losing the truck title;

(b) failing to notify Plaintiff of the loss of the truck title;

(c) failing to send and deliver the truck title to Plaintiff;

(d) notifying [Lund] of the loss of the truck title, without also notifying Plaintiff of the same;

(e) failing to use due care to avoid losing the title;

(f) failing to use due care to notify Plaintiff that [Defendant] lost the title;

(g) failing to use due care within the [Defendant] organization to properly communicate the instructions of Plaintiff and [Lund], and to send and deliver the title to Plaintiff.

▮▮▮ In negligence actions, before an act may be considered negligent, a party must show that a duty existed to the individual complaining and that observation of the duty would have averted or avoided injury. *Bridges* at 718.

As discussed previously, Plaintiff failed to allege facts sufficient to show he was damaged as a result of Defendant's actions or inaction. Even if Plaintiff could show Defendant had a duty to deliver title to him, he is unable to show that doing so would have averted Plaintiff's damages. Plaintiff was damaged by Lund's refusal to execute the assignment, not Defendant's failure to deliver title to Plaintiff. Again, because the issue of damages is dispositive, we need not address the other possible reasons for dismissal. Plaintiff's second point is denied.

▮▮▮ Plaintiff's final point alleges the trial court erred in denying Plaintiff's motion for leave to file a second amended petition and that such denial was an abuse of discretion.

▮▮▮ Rule 67.06 provides that "[o]n sustaining a motion to dismiss a claim . . . the court shall freely grant leave to amend." Similarly, Rule 55.33(a) states that "leave [to amend] shall be freely given when justice so requires." While both rules stress granting amendments to pleadings liberally, they do not confer an absolute right to file even a first amended petition. *Tindall v. Holder,* 892 S.W.2d 314, 327 (Mo.App. S.D.1994); *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App. W.D.1984). "Denial of leave to amend is within the sound discretion of the trial court, and its decision will not be disturbed unless there is a showing that such court palpably and obviously abused its discretion." *Rushing v. S. Missouri Bank,* 859 S.W.2d 211, 223 (Mo.App. S.D. 1993); *Dye v. Div. of Child Support Enforcement,* 811 S.W.2d 355, 358 (Mo. banc 1991). Judicial discretion is abused when the court's ruling is clearly against the logic of the circumstances presented to the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate con-

sideration. *Nelson v. Waxman*, 9 S.W.3d 601, 604 (Mo. banc 2000).

 Factors that should be considered in deciding whether to allow leave to amend a petition are: (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) whether an amendment could cure the inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. *Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App. E.D.1999).

 The recognized purpose of allowing amendments to pleadings is to allow a party to present evidence that was overlooked or unknown when the original pleading was filed without changing the original cause of action. *Trans World Airlines, Inc. v. Associated Aviation Underwriters*, 58 S.W.3d 609, 624 (Mo.App. E.D. 2001); *Southwestern Bell Yellow Pages, Inc. v. Wilkins*, 920 S.W.2d 544, 550 (Mo. App. E.D.1996); *Baker* at 329. Appellate courts have found no abuse of discretion in denying the amended pleadings of parties who fail to show the pleadings include any facts that were unknown when the original pleading was filed. *Estate of Anderson v. Day*, 921 S.W.2d 35, 39 (Mo.App. W.D. 1996); *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo.App. W.D.1996); *Kenley v. J.E. Jones Const. Co.*, 870 S.W.2d 494, 498 (Mo. App. E.D.1994).

Plaintiff's proposed second amended petition included claims for misrepresentation, and rescission with restitution. However, the new claims are based entirely on the facts and allegations in the original petition, only under new causes of action. Moreover, Plaintiff has failed to show any reason why the matters were not included in the original petition. Accordingly, we are unable to conclude that the trial court abused its discretion in denying the Plaintiff's motion for leave to file a second amended petition. Plaintiff's third point is denied.

The trial court's judgment dismissing Plaintiff's petition and denial of Plaintiff's motion for leave to file a second amended petition are affirmed.

MONTGOMERY, P.J. and BARNEY, J., concur.