**Virgil CROWLEY and Goldie Crowley, His Wife, Plaintiffs-Respondents,**

v.

**Leroy WHITESELL and Virginia Whitesell, His Wife, Defendants-Appellants.**

No. 14011.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 13, 1985.

Jeffrey S. Gavin, Poplar Bluff, for plaintiffs-respondents.

Michael M. Pritchett, Hearne & Pritchett, Poplar Bluff, for defendants-appellants.

PREWITT, Chief Judge.

Plaintiffs and defendants each claim title to a 10.69 acre tract. Record title was in defendants and plaintiffs claim title through adverse possession. The disputed area included a shed and part of a house constructed by plaintiffs in 1936. Plaintiffs and defendants each sought to quiet title in their favor and requested damages.

A nonjury trial was held. At trial defendants did not dispute plaintiffs' claim to the house, the shed, and the land immediately surrounding the two structures. Judgment was entered quieting title in plaintiffs to 9.74 acres and in defendants to .95 acres. The trial court denied both claims for damages.

Defendants appeal. They contend that the trial court erred, (1) because there was insufficient evidence to show adverse possession, (2) in sustaining objections to questions about the parties discussing a "trade" of the disputed property, and (3) in admitting into evidence legal descriptions because they "did not describe the disputed property with reasonable certainty and specificity."

As to the sufficiency of the evidence, defendants contend that the evidence failed to show that plaintiffs' possession of all the property awarded them was "actual" and "hostile" for ten years. These are necessary elements to establish adverse possession. See *City of South Greenfield v. Cagle,* 591 S.W.2d 156, 159 (Mo.App.1979).

■ As plaintiffs did not have color of title over the land, they must prove actual possession of the entire tract. *Hamburg Realty Co. v. Woods,* 327 S.W.2d 138, 154 (Mo.1959). Defendants claim that plaintiffs did not show actual possession of a portion of the land which was wooded. They claim this was "wild land". See *Conran v. Girvin,* 341 S.W.2d 75, 90 (Mo. banc 1960); *Dudeck v. Ellis,* 399 S.W.2d 80, 90 (Mo.1966); *Dambach v. James,* 587 S.W.2d 640, 643 (Mo.App.1979).

■ Plaintiff Virgil Crowley testified that he had fenced the area in dispute in 1957. He said that when he fenced it, he sold some timber from it, ran cattle on it from 1957 until 1975, and would "bushhog" the land once or twice a year. He testified that the cattle would go into the wooded area "to get out of the flies in the summer time." Although individually these things might not be sufficient to require a holding of actual possession, see *Dambach v. James,* supra, 587 S.W.2d at 643, together they were sufficient for the trial court to find actual possession of the land in question.

■ Defendants contend that hostile possession was not established because plaintiff Virgil Crowley said in his deposition, "No, I ain't claiming that I own all that land, no." The transcript indicates that at trial he started to explain that answer, but was interrupted by defendants' attorney. At trial, Virgil Crowley testified that he had claimed all the disputed property since the fence was built.

The deposition testimony, even if inconsistent with the trial testimony, did not destroy the trial testimony. A statement by a party prior to trial, though admissible for impeachment, does not destroy the value of the trial evidence as proof. *Joplin v. Missouri Commission on Human Rights,* 642 S.W.2d 370, 372 (Mo.App.1982). Contradictions between trial testimony and a deposition are matters for the trier of fact to assess. Id.

■ Also, although a fence built by one with record title to the property where the fence is located does not necessarily establish a belief that the fence is the property line, as there are many reasons for not placing a fence on the property line, see *Dambach v. James,* supra, 587 S.W.2d at 643, fencing property to which one does not have record title is a strong indication of a claim to the land. *Ross v. McNeal,* 618 S.W.2d 224, 228 (Mo.App.1981).

The judgment is supported by substantial evidence and no error of law appears. Error is not shown in the trial court exclud-

ing evidence of the proposed trade or in admitting into evidence the legal descriptions. Discussing those issues would have no precedential value.

The judgment is affirmed.

CROW, P.J., and FLANIGAN and MAUS, JJ., concur.