DAVIS ESTATES, L.L.C., a Missouri
Limited Liability Company,
Plaintiff–Appellant,

v.

Ronald JUNGE and Joann Junge,
Defendants–Respondents.

No. SD 31896.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 14, 2013.

Mark A. Fletcher, Lathrop & Gage, L.L.P., Springfield, MO, for appellant.

Mathew W. Placzek and Jenifer M. Placzek, Placzek Winget & Placzek, Springfield, MO, for respondent.

GARY W. LYNCH, P.J.

Davis Estates, L.L.C. ("Davis Estates"), appeals from the trial court's judgment awarding a disputed strip of land to Ronald and Joann Junge based on their claim of adverse possession. Davis Estates raises three points of error: the trial court's judgment is not supported by substantial evidence because (1) there was no evidence to support the element of actual possession, and (2) there was no evidence to support the element of exclusive possession; and (3) the trial court abused its discretion in admitting Exhibit 4, which contained a legal description of a portion of the disputed property. These points have no merit, so we affirm the judgment.

### Standard of Review

When we review a court-tried case, we will affirm the judgment "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Snow v. Ingenthron*, 285 S.W.3d 415, 417 (Mo.App.2009). "The trial court's judgment is presumed valid, [and] the burden is on the appellant to demonstrate its incorrectness[.]" *Harness v. Wallace*, 167 S.W.3d 288, 289 (Mo.App.2005).

In applying this standard of review, we defer "to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the judgment and disregarding all contrary evidence and inferences." *Watson v. Moore*, 8 S.W.3d 909, 911 (Mo.App.2000) (citing *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991)). "That is because credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of any witness's testimony." *Watson*, 8 S.W.3d at 911 (citing *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988)). "The trial judge is in a better position than this court to determine credibility of the parties, their sincerity, character and other intangibles [that] may not be shown by the record." *Walton v. Gilton*, 175 S.W.3d 170, 173 (Mo.App.2005) (internal citations omitted).

### Factual and Procedural Background

In accordance with our standard of review, the record reveals the following

facts. On December 31, 2003, Davis Estates purchased a tract of land in Springfield. To the north of the property, the tract shared a boundary with a residential lot owned by Ronald and Joann Junge. An attorney for the seller notified Davis Estates about a dispute with the Junges regarding the exact location of the property line. The contract for sale expressly warned that the seller was "aware of a potential claim by the owners of the adjacent property lying immediately north of the property that there is a boundary dispute along the fence at the north line of the property and that the adjacent owners [have] ... acquired rights to a portion of that property by adverse possession." Nevertheless, Davis Estates completed the sale without ordering a survey.

In 2004, Davis Estates filed suit against the Junges, seeking ejectment, quiet title, and damages for trespass. The Junges filed a counterclaim, alleging, among other things, that they had acquired the land by adverse possession. By agreement of the parties, the trial court entered an order granting each party the right to survey the property at issue, setting the parameters within which those surveys would be made, and authorizing the trial court to view the land in person, while accompanied by the parties' attorneys.

A bench trial was held June 20–21, 2011. Robert Price testified that he was the previous owner of the Junges' property. Price bought the property in the summer of 1985. At the time Price purchased the property, some ivy ground cover and a watering system were already in place in the disputed area and covered the same amount of ground as they did at the time of trial. In 1986, Price had trees planted in the disputed area and paved the driveway. Price also mowed the grass in the disputed area.

The Junges bought the property in 1996. Ronald Junge mowed the grass and continued to maintain the ivy and landscaping in the disputed area. He maintained and later replaced a split-rail fence on the edge of the disputed tract. Ronald Junge also hired someone to place Christmas decorations in the disputed area each year.

Kevin Lambeth testified that he performed a survey of the property in 2010. When the Junges attempted to introduce documents Lambeth had prepared as part of his survey work, Davis Estates objected to the exhibits because the legal descriptions in some of those exhibits did not match the legal description of the land the Junges claimed in their counterclaim.[1] The Junges' attorney asked that the pleadings be amended to conform to this evidence and noted that Davis Estates had been given a copy of the survey long before trial. Davis Estates objected to any attempt to amend the pleadings to conform to the evidence without any further elaboration. The trial court admitted the exhibits, subject to Davis Estate's continuing objection. Lambeth then explained that his survey divided the property into three tracts. Tract A was the Junge tract of record. Tracts B and C were related to the disputed area. Tract B, a legal description of which was contained in Exhibit 3, was the entire disputed area. Tract C, a legal description of which was contained

---

1. The stated basis for the objection was, "I don't think the legal description that's contained for tract B is the same legal description set out in their petition as to what they bought.... Their first amended counterclaim has an Exhibit B which sets out a legal description of what they're claiming. In the alternative, I think it's supposed to be the part they claim adversely possessed and ... maybe it does, Judge, but I don't think it matches up with what's depicted on the survey. They actually—the calls are slightly different. And one says there's .71 acre area and the other is .7 acre area."

in Exhibit 4, was a smaller tract within Tract B that included the area from the Junge line of record to a tree line. Tract C contained a portion of the Junges' driveway, an irrigation system, and some ground covering plants.

The Junges also introduced testimony from Steve Dorrell, an expert in horticulture. He testified that the sprinkler heads of the irrigation system located in Tract C were of an outdated design which made him believe they were more than ten years old. The appearance of the ivy plants, which Dorrell identified as purple leaf wintercreeper, led him to conclude that the plants had been there a minimum of ten to fifteen years.

The trial court's judgment awarded Tract C to the Junges. Davis Estates appeals.

### Discussion

For ease of analysis, we first address the third point raised by Davis Estates.

### The trial court did not abuse its discretion in admitting Exhibit 4

■ "This court reviews trial court rulings on the admissibility of evidence for abuse of discretion." *Howard v. City of Kansas City*, 332 S.W.3d 772, 785 (Mo. banc 2011). The ruling of a trial court is reversible only if it is clearly against the logic of the circumstances, unreasonable, arbitrary, and demonstrates a lack of thoughtful, deliberate consideration. *Id.* at 785–86.

In its third point, Davis Estates argues that the trial court abused its discretion when it admitted Exhibit 4 because that

exhibit was not within the scope of the pleadings. We disagree for two reasons.

First, the legal description in Exhibit 4 was within the scope of the pleadings. As surveyor Lambeth explained at trial, Exhibit 4 was a legal description of a portion of the disputed land. The trial court could reasonably infer from this testimony that even though the legal description in Exhibit 4 was distinct from the description in the Junges' counterclaim, it was *included* in the counterclaim because the area it described was *within* the disputed area described in the counterclaim.

■ Second, even if the legal description in Exhibit 4 is not precisely within the scope of the pleadings, the resolution of this issue is, nevertheless, governed by the third sentence in Rule 55.33(b).[2] That rule provides, in pertinent part, that

> [i]f evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would cause prejudice in maintaining the action or defense upon the merits. . . .

*Id.* Generally speaking, courts will not find an abuse of discretion in the admission of such evidence where the opposing party was aware of the evidence and had an opportunity to prepare to meet it. *See Williams v. Williams*, 99 S.W.3d 552, 559 (Mo.App.2003) (finding no abuse of discretion in the trial court's implicit decision to allow amendment of the pleadings to permit evidence regarding a particular item of damage that had not been mentioned in

---

**2.** All rules references are to Missouri Court Rules (2011). All statutory references are to RSMo 2000.

the pleadings but that had been discussed during a deposition).

Here, the Lambeth survey and legal descriptions of the various tracts had been provided to Davis Estates during discovery more than six months before trial. Therefore, Davis Estates was aware of the legal description contained in Exhibit 4 and had time to prepare for any effect that description might have had on its defense to the Junges' counterclaim. In addition, even though Davis Estates was expressly invited to explain how the admission of Exhibit 4 would prejudice it in maintaining its defense upon the merits, Davis Estates offered no such explanation to the trial court nor requested any relief other than the exclusion of Exhibit 4. Given Davis Estates' awareness of Exhibit 4 in time to appropriately prepare its defense for trial and its failure to demonstrate any prejudice occasioned by its admission, the trial court acted well within its discretion under Rule 55.33(b) to implicitly amend the Junges' counterclaim to conform to the admission of Exhibit 4 into evidence. *See id.* Davis Estates' third point is denied.

### The trial court's judgment was supported by substantial evidence

In its first and second points, Davis Estates argues that there was no substantial evidence to support the trial court's judgment with respect to the elements of actual and exclusive possession.[3] Again, we disagree.

■■■ "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of fact[ ]

can reasonably decide the case." *Houston v. Crider,* 317 S.W.3d 178, 186 (Mo.App. 2010) (citations omitted). Because the trial court "is free to believe or disbelieve all, part, or none of the testimony of any witness[,] . . . any citation to or reliance upon evidence and inferences contrary to the judgment is irrelevant and immaterial to an appellant's point and argument challenging a factual proposition necessary to sustain the judgment as being not supported by substantial evidence." *Id.* "Such contrary facts and inferences provide no assistance to this Court in determining whether the evidence and inferences favorable to the challenged proposition have probative force upon it, and are, therefore, evidence from which the trier of fact can reasonably decide that the proposition is true." *Id.* Where an appellant makes a challenge that the judgment is not supported by substantial evidence, the appellant must complete a three-step analysis, which requires the appellant to:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,

(3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

*Id.* at 187.

■■■ With that framework in mind, we turn to an examination of the facts neces-

---

**3.** To the extent that Davis Estates claims in its argument under its second point that the trial court erred in failing to make "findings of facts relating to exclusive possession," that claim is not preserved for our review because it is not included in a point relied on. *See*

*Manzella v. Dir. of Revenue,* 363 S.W.3d 393, 395 (Mo.App.2012) ("Issues that are raised only in the argument portion of the brief and are not contained in the point relied on are not preserved for appellate review.").

sary to succeed on a claim of adverse possession. Section 516.010 provides that

> [n]o action for the recovery of any lands, tenements or hereditaments, or for the recovery of the possession thereof, shall be commenced, had or maintained by any person, . . . unless it appear that the plaintiff, his ancestor, predecessor, grantor or other person under whom he claims was seized or possessed of the premises in question, within ten years before the commencement of such action.

"Under this statute, a party claiming ownership by adverse possession must prove that their possession is: (1) hostile, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the ten-year period prior to the commencement of the action." *Williams v. Frymire*, 186 S.W.3d 912, 919 (Mo.App.2006) (citation omitted). Davis Estates challenges the evidence with respect to the second and fourth elements.

### *The Junges had actual possession of Tract C*

"Actual possession may be shown by claimant's present ability to control land and intent to exclude others from such control." *Williams*, 186 S.W.3d at 919. "What acts will characterize possession as 'actual' depend on the nature and location of the property, the uses to which it can be applied and all the facts and circumstances of a particular case." *City of South Greenfield v. Cagle*, 591 S.W.2d 156, 160 (Mo.App.1979) (internal citations omitted). Maintenance of a disputed strip as a yard, including mowing the grass, planting trees and shrubbery, and occasionally using the area for recreational activities has been held to satisfy the requirement of actual possession. *Id.;* *Williams*, 186 S.W.3d at 920; *Dobbs v. Knoll*, 92 S.W.3d 176, 181 (Mo.App.2002).

Based on the aforementioned authorities, there was substantial evidence from which the trial court could conclude that the Junges had actual possession of Tract C because they maintained it as a yard. The Junges' predecessor-in-interest testified that he planted trees and paved the driveway in the disputed area. Ronald Junge stated that he mowed the grass, maintained the ground cover, and had Christmas decorations displayed in the disputed area. This testimony provides substantial evidence from which the trier of fact could have reasonably inferred that the Junges had actual possession of Tract C. Davis Estates fails to demonstrate why this favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the Junges' actual possession of Tract C such that the trial court could not have reasonably decided that they actually possessed it during the requisite time period.

Davis Estates' arguments to the contrary simply ignore the standard of review. In support of its arguments, Davis Estates relies on testimony from its members that the cleared area was expanded during the ten-year limitation period. That testimony, however, is contrary to the judgment, and so must be disregarded in the analysis of a not-supported-by-substantial-evidence argument. *See Houston*, 317 S.W.3d at 186.

Davis Estates also relies on *Teson v. Vasquez*, 561 S.W.2d 119 (Mo.App.1977), to suggest that the Junges failed to prove they possessed the wooded area north of Tract C. This argument is irrelevant because the trial court did not award the wooded area to the Junges. Furthermore, to the extent that this argument is intended to refer also to portions of Tract C based on Davis Estates' assertion that the cleared area had been expanded, that ar-

gument relies on evidence contrary to the judgment, which must be ignored. *See Houston*, 317 S.W.3d at 186. Davis Estates' first point is denied.

### The Junges 'possession of the disputed property was exclusive

The element of exclusive possession "means that the claimant holds the land for himself and not for another." *Williams*, 186 S.W.3d at 921 (citation omitted). Although this element requires that the claimant wholly exclude the owner during the ten-year statutory period, "sporadic use, temporary presence, or permissive visits by others, including the record owner, will not defeat the exclusive element." *Martens v. White*, 195 S.W.3d 548, 556 (Mo.App.2006). When the property subject to the claim is used for residential yard purposes, the fact that others occasionally pass through the area will not defeat a claim of exclusive possession. *See Porter v. Posey*, 592 S.W.2d 844, 850–51 (Mo.App.1979). Maintenance of a residential yard such that it appears to be part of the property on which the residence is situated is evidence from which a trier of fact can infer that the possession of the property was exclusive. *See Snow*, 285 S.W.3d at 419; *Williams*, 186 S.W.3d at 920.

The testimony of Ronald Junge and Robert Price provides substantial evidence to support this element as well. They both testified that they mowed the grass, planted tress, and generally maintained the area. These are typical acts that a property owner takes in maintaining his or her yard, and so this was evidence from which a reasonable trier of fact could infer that Price and then the Junges exclusively possessed the disputed property. Davis Estates fails to demonstrate why this favorable evidence and its reasonable inferences do not have probative force upon the Junges' exclusive possession of Tract C such that the trial court could not have reasonably decided that they exercised exclusive possession of it during the requisite time period. Davis Estates' second point is denied.

### Conclusion

The judgment of the trial court is affirmed.

DON E. BURRELL, C.J. and NANCY STEFFEN RAHMEYER, J., concur.