JEFFREY W. BATES, J.
Following a bench trial, Evella, LLC (Evella) appeals from a judgment quieting title in Ben Brower Property Co., LLC (Brower) to a strip of land (hereinafter referred to as the disputed property) situated between the parties' respective properties. Evella contends the trial court erred by: (1) awarding the disputed property to Brower because it "did not plead nor prove" that a road on the disputed property "was not a public road or a public road that had been abandoned or vacated"; (2) awarding Brower judgment on its alternative second count (boundary by acquiescence) and third count (boundary by express agreement) because the judgment is not supported by substantial evidence and is against the weight of the evidence; (3) denying Evella's motion to amend its answer to assert as a new affirmative defense that the "road is a public road that has neither been vacated or abandoned"; (4) refusing to allow Evella to introduce evidence that the "road was a public road"; and (5) awarding Brower judgment on its first count because the judgment is not supported by substantial evidence and is against the weight of the evidence. We affirm because: (1) Points 1, 3 and 4 lack merit; and (2) Points 2 and 5 preserve nothing for review.
Standard of Review
The trial court's judgment is presumed correct, and Evella bears the burden of proving it erroneous. Grider v. Tingle , 325 S.W.3d 437, 440 (Mo. App. 2010). Our review in this court-tried case is governed by Rule 84.13(d).[1] This Court must *507 affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976) ; Grider , 325 S.W.3d at 440. "We review the evidence and all reasonable inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences." Lee v. Hiler , 141 S.W.3d 517, 520 (Mo. App. 2004). In addition, "[w]e defer to the trial judge's superior opportunity to assess the witnesses' credibility." Id . ; Grider , 325 S.W.3d at 441. Our summary of the evidence presented at trial, which is set forth below, has been prepared in accordance with these principles.
Factual and Procedural Background
Brower and Evella own adjoining properties that have a common boundary for a distance of one-half mile. A fence on the west side of Brower's property served as a boundary between the two tracts (hereinafter referred to as the boundary fence). The boundary fence has been located at its present location since 1963.[2] Along the fence, on Brower's side, there is a dirt road (the road), which was maintained by Brower and used to access its property. According to Brower, no one else used the road except by permission.
In October 2015, a survey revealed that the boundary fence was not located on the surveyed line between the Brower and Evella tracts. The surveyed line is 22-25 feet east of the boundary fence and encompasses the road. The disputed property is this 22-25 foot strip of land lying between the boundary fence and surveyed line.
In December 2015, Brower filed the underlying action to quiet title to the disputed property. In July 2016, each of the parties was permitted to amend their pleadings by agreement and pursuant to court order.
In Brower's first amended petition, Brower alleged three counts. Count 1 sought to quiet title by adverse possession. In the alternative, Count 2 sought to establish a boundary by acquiescence, and Count 3 sought to establish a boundary by express agreement. Evella filed an amended answer denying these allegations and alleging the following affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) failure of "exclusivity"; (4) acts by Evella of use and maintenance of the disputed property; and (5) permissive use of the disputed property by Brower. Evella also filed an amended counterclaim in two counts, seeking to quiet title in Evella and for ejectment. Nowhere in Evella's pleadings did Evella claim the road was a public road.
In September 2016, Evella filed a motion for summary judgment in which Evella referred to the road as a "public road" and at times, an "abandoned public road." The trial court denied the motion, based on the existence of material factual disputes. Although Evella described the road as a public road in its summary judgment motion, Evella did not move to amend its pleadings at that time to assert that issue as an affirmative defense.
In April 2017, the matter was tried on the issues raised in Brower's first amended petition, Evella's first amended answer and counterclaim, and Brower's answer to the counterclaim. On the first day of trial, after Brower's presentation of its case-in-chief *508 evidence had ended, Evella moved to amend its pleadings to assert, as a new affirmative defense, that the road was a public road that had not been abandoned or vacated. The trial court denied Evella's motion to amend because it was untimely and raising it at that juncture would be prejudicial to Brower. Evella also made an offer of proof on the road issue, which the trial court excluded. After the presentation of additional evidence and arguments, the trial concluded.
Thereafter, the trial court entered a judgment, with findings of fact and conclusions of law, in favor of Brower. The court found that Brower and its predecessors had possessed the disputed property since 1963, and said possession had been hostile, actual, open and notorious, and exclusive for a continuous period of more than ten years prior to the commencement of the action. The court established the boundary between the properties of Brower and Evella at the location of the boundary fence and quieted title to the disputed property in Brower.[3] The court further enjoined Evella from claiming title, ownership or possession of the disputed property and denied both counts of Evella's counterclaim.
In a post-trial motion for reconsideration or new trial, Evella argued for the first time that Brower had failed in "Plaintiff's burden of showing [the road] was not a public road or ... was a public road that had been first abandoned or vacated[.]" The trial court denied the motion. Evella then appealed. Additional facts will be included below as we address Evella's five points of error. For ease of analysis, we will address some points together and out of order.
Point 1
Evella's first point contends the "trial court erroneously applied the law and the first amended petition did not state a claim because [Brower] did not plead nor prove ... that [the road] was not a public road or a public road that had been abandoned or vacated[.]" According to Evella, such pleading and proof was "a requirement for [Brower] to succeed on its claims for adverse possession[.]"[4] We disagree.
"A party who seeks to establish title to real property by adverse possession must prove that he possessed the land, and that his possession was: (1) hostile and under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for a period of ten years." Stratford v. Long , 430 S.W.3d 921, 924-25 (Mo. App. 2014) ; see also Watson v. Mense , 298 S.W.3d 521, 526 (Mo. banc 2009) ; § 516.010. These well recognized elements for adverse possession do not include any requirement that the party plead and prove that the real estate is not public property.
We conclude that Evella was required to present this issue by way of affirmative defense. An "affirmative defense" is a procedural tool "that allows the defendant to defeat or avoid the plaintiff's cause of action and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because *509 there are additional facts that permit the defendant to avoid the legal responsibility alleged." Dorris v. State , 360 S.W.3d 260, 268 (Mo. banc 2012) (internal quotation marks omitted); see also Rule 55.08 (requiring that "[i]n pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances" and that "[a] pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance"). The burden of proving an affirmative defense rests upon the party asserting that defense. Allen v. Titan Propane, LLC , 484 S.W.3d 902, 906 (Mo. App. 2016). Evella implicitly recognized this requirement by seeking leave to amend its answer during trial to assert the public road issue as an affirmative defense. It was not until after the trial had concluded that Evella first argued it was Brower's burden to plead and then disprove that issue.
Our conclusion on this issue is supported by Rodgers v. Threlkeld , 22 S.W.3d 706 (Mo. App. 1999), the case upon which Evella primarily relies.[5] Ro d gers involved a summary judgment that was reversed on appeal. Ro d gers , 22 S.W.3d at 708. There, the plaintiffs filed a petition to quiet title by alleging adverse possession, and defendants alleged as an affirmative defense that a portion of the disputed tract was public property. Id . The plaintiffs then filed a motion for summary judgment on their petition to quiet title. The motion addressed their adverse possession claim, but not the "properly pled affirmative defense." Id . at 710. The trial court granted summary judgment, but the western district of this Court reversed because "the movant's right to summary judgment on his or her claim depends just as much on the non-viability of the non-movant's affirmative defense as it does on the viability of the movant's claim." Id . The Ro d gers court also recognized that defendants would otherwise "bear the burden of persuasion on the affirmative defense at trial." Id . Thus, it was Evella who bore the burden of pleading and proving this public road issue as an affirmative defense.[6] Accordingly, Point 1 is denied.
Points 3 and 4
Evella's third and fourth points challenge the trial court's rulings to deny Evella's motion to amend its pleadings (Point 3) and to not permit Evella to introduce evidence on the public road issue (Point 4). Our review of both points is for an abuse of discretion. Moore v. Firstar Bank , 96 S.W.3d 898, 903 (Mo. App. 2003) ; see *510 Davis Estates, L.L.C. v. Junge , 394 S.W.3d 436, 440 (Mo. App. 2013). "Judicial discretion is abused when the court's ruling is clearly against the logic of the circumstances presented to the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." Moore , 96 S.W.3d at 903 ; see Davis Estates , 394 S.W.3d at 440. The following facts are relevant to these points.
In Evella's opening statement, counsel asserted that Evella was prepared to show the road was "in fact, a public road[.]" Before Brower presented its opening statement, Brower's counsel objected to Evella's injection of the public road issue into the case:
[T]here is no pleading, either petition, counter-claim or affirmative defense, that sets out that this is a public road. As a matter of fact, their claim for injectment [sic] would be absolutely contrary to the concept of it being a public road. So we are going to object. I don't want to try that issue by implied consent, and I will be objecting to any and all evidence regarding that public road as we go through.
In response, Evella argued that, based on its "affirmative defense" of failure to state a claim, Evella "would have the right to ask that the pleading conform to the evidence[.]" When the trial court asked Evella why it didn't seek to amend its pleadings prior to trial, Evella's counsel said such evidence "was developing as we were going along leading up to trial." The trial court stated it would take up the issue "as it comes" and proceeded with the trial.
Toward the end of the first day of trial, after Brower concluded the presentation of its case-in-chief and rested, Evella moved for leave to amend its pleadings. Evella sought to amend the pleadings "to plead as an affirmative defense" that the road "was, in fact, a public road that's never been vacated." Brower objected to the motion, arguing it was "very untimely" and created "a great hardship" because:
It changes basically the whole legal issue that we face in the case. It would create great hardship for us because of ... inability to prepare for that defense and scout additional evidence. ...
Also, Your Honor, although they recite in it that they just very recently supposedly discovered additional evidence on the issue that they're now wanting to plead, they don't allege any reason why it could not have been discovered previously. So we think it would ... create a great hardship for us and [is] very much untimely.
The trial court agreed:
I think it's patently unfair in the middle of a trial to change the legal theory that changes the whole basis of the claim of the party that's propounding that new theory, and-because there is no opportunity for discovery. That's exactly the thing that the Missouri rules have tried to-to prevent is surprise and ambush at the time of trial. ...
There was absolutely no reason that I can tell why this wasn't brought up a long time ago. This Court allowed the Defendant to amend the answer and counter-claim last year, and I think the Plaintiff was allowed to amend the petition, for that matter. And that's fine. But here we are in trial, and I'm going to deny the motion for leave to amend.
The court permitted Evella to make an offer of proof on the issue, but the evidence was excluded because the court had denied the motion for leave to amend.
In Point 3, Evella contends the trial court abused its discretion in denying Evella's leave to file its first amended answer and affirmative defenses to assert that the "road is a public road that has *511 neither been vacated or abandoned[.]" Evella argues that Brower "was not prejudiced or surprised and Rule 55.33 provides that leave to amend shall be freely granted when justice so requires." We disagree.
Evella is correct that Rule 55.33(a) provides that a pleading may be amended by leave of the court, and that such "leave shall be freely given when justice so requires." Id . The right to amend a pleading, however, is not absolute. Dueker v. Gill , 175 S.W.3d 662, 671 (Mo. App. 2005). "In reviewing the trial court's decision, we look to see whether justice is furthered or subverted by the course taken." Kenley v. J.E. Jones Constr. Co. , 870 S.W.2d 494, 498 (Mo. App. 1994) ; Tisch v. DST Sys., Inc. , 368 S.W.3d 245, 257 (Mo. App. 2012). Factors that should be considered in deciding whether to allow leave to amend the pleadings include: (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) injustice resulting to the party opposing the motion, should it be granted; and (4) timeliness of the application. See Tisch , 368 S.W.3d at 257 ; Dueker , 175 S.W.3d at 671 ; Moore , 96 S.W.3d at 904.
Applying the above factors, we do not find that the trial court's actions amount to an abuse of discretion. Based upon our review of the record, the trial court's decision to deny leave to amend did not subvert justice. See Kenley , 870 S.W.2d at 498. First, there was no hardship to Evella in being denied leave to amend to raise an affirmative defense about which Evella had known for months before trial. Second, Evella's explanation for not seeking leave to amend because the proof "was developing as we were going along leading up to trial" is unpersuasive to us, as it was to the trial court. Third, granting leave to amend after Brower had presented its case-in-chief would have resulted in injustice to Brower for the reasons the trial court stated. The public road issue was not a pleaded defense when the trial started. Allowing Evella's answer to be amended in the middle of trial would have changed the nature of the litigation and the necessary preparations for it, without any opportunity for discovery. See, e.g. , Burris v. Mercer County , 252 S.W.3d 199, 200 (Mo. App. 2008) (detailing the nature of the proof required to determine whether a road was a public road and whether or not it had been abandoned or vacated). Fourth, we agree with the trial court that Evella's motion to amend was untimely. See, e.g. , Tisch , 368 S.W.3d at 258 (affirming denial of motion to amend based on inadequate reasons for omission, untimeliness of application and injustice to nonmoving party). Under these circumstances, the denial of Evella's motion to amend its pleadings was not "clearly against the logic of the circumstances [and] so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." Moore , 96 S.W.3d at 904 ; see Dueker , 175 S.W.3d at 672-73. Finding no abuse of discretion, Point 3 is denied.
In Point 4, Evella contends the trial court abused its discretion "in refusing to allow Evella to introduce evidence that [the road] was a public road because this subject matter was opened without objection, and by failing to timely object, [Brower] waived [its] right to object and impliedly consented to the further development and determination of the issues raised." We disagree.
"In the absence of a pleading raising the issue, the question becomes whether the issue was tried by implied consent." Smith v. City of St. Louis , 395 S.W.3d 20, 25 (Mo. banc 2013). In Smith , our Supreme Court explained:
*512 The doctrine of trial by implied consent provides that issues not raised by the pleadings may be determined by the trial court when evidence is offered, without objection by any other party, bearing solely on that issue. The evidence offered must relate only to the proposed new issue, without bearing upon other issues in the case. It is the burden of the party contending that an issue was tried by implied consent to demonstrate implied consent.
Id . (citations omitted; emphasis added); see also Rule 55.33(b). The Smith court found that the issue of a "specific project" was not waived as the Court could not detect any reference to a "specific project" that was not also relevant to other issues raised in the pleadings. Id .
To support Evella's argument, it points to testimony received without objection about Brower's use of the road for farming operations by themselves and their tenant/farm hand. As Brower argues, that testimony was relevant to the issue of its "adverse use" of the disputed property. Based upon our review of the record, there was no evidence bearing only on the public road issue that was admitted without objection, as required by Smith and Rule 55.33(b). See Smith , 395 S.W.3d at 25. Moreover, as early as opening statements, Brower's counsel objected to Evella's injection of the public road issue into the case and made it clear that he did not agree to try the issue by implied consent. Accordingly, the trial court did not abuse its discretion in refusing to allow Evella to introduce evidence concerning the public road issue. Point 4 is denied.
Points 2 and 5
Evella's second and fifth points each contend the judgment was both "not supported by substantial evidence and was against the weight of the evidence" for various reasons. A not-supported-by-substantial-evidence challenge and an against-the-weight challenge are distinct claims of error that should be presented in separate points. Ivie v. Smith , 439 S.W.3d 189, 199 n.11 (Mo. banc 2014). Failure to do so preserves nothing for appellate review. Id . ; see J.A.R. v. D.G.R. , 426 S.W.3d 624, 630 n.10 (Mo. banc 2014) ; Rule 84.04. In addition, Evella has not followed the sequential analysis set out in Houston v. Crider , 317 S.W.3d 178 (Mo. App. 2010), for a not-supported-by-substantial-evidence or an against-the-weight challenge. Id . at 187. These deficiencies rob Evella's respective arguments of any analytical or persuasive value. See Bechtold v. Bechtold , 453 S.W.3d 813, 814 (Mo. App. 2014). Therefore, Points 2 and 5 are denied.
The judgment of the trial court is affirmed.
NANCY STEFFEN RAHMEYER, C.J./P.J.-CONCUR
WILLIAM W. FRANCIS, JR., J.-CONCUR

All rule references are to Missouri Court Rules (2017). All statutory references are to RSMo (2000).

The boundary fence was rebuilt in 1984. At that time, the north half was rebuilt by Ben Brower's father and brother. The south half was rebuilt by the parents or hired workmen of Evella's owner, Larry Dade. The rebuilt boundary fence remained in the same location as of the time of trial.

Because Brower proved ownership of the disputed property by adverse possession, the court did not rely upon either alternative theory in the petition when it entered judgment in Brower's favor.

Evella's argument is based upon the legal principle that "[t]he statute of limitations applicable to adverse possession claims does not apply to public lands, and, therefore, title to public property cannot be claimed on the basis of adverse possession. § 516.090." Rice v. Huff , 22 S.W.3d 774, 781 (Mo. App. 2000).

Evella also relies upon Rice , 22 S.W.3d at 774. This case likewise does not support Evella's position because it was the defendants who, in their motion for summary judgment, asserted the defense that "a person cannot take city property by adverse possession...." Id . at 779.

Evella cites other cases in which: (1) the issue of whether a road was a public road and/or whether that road had been abandoned or vacated was pleaded in the petition; and (2) the county or city was a plaintiff or party-defendant. See, e.g. , Burris v. Mercer County , 252 S.W.3d 199, 200 (Mo. App. 2008). These cases are inapposite for two reasons. First, the fact that the public road issues were raised in the petition simply reflects the procedural posture of that case. Second, St. Clair County was not a party to this proceeding, and it is not bound by the judgment awarding ownership of the road to Brower by adverse possession. See, e.g. , State ex rel. Chevra Kadisha Cemetery Ass'n v. Reno , 525 S.W.3d 201, 204 (Mo. App. 2017) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."). Brower's counsel acknowledged this point during oral argument.