

# Missouri Court of Appeals
## Southern District

### In Division

ROB SPRUEILL,  )
n/k/a ROBERT DEAN HOLLOWAY, and  )
FIVE STAR PRODUCTIONS, LLC,  )
      )
    Petitioners-Appellants,  )
      )
v.  )    No. SD37355
      )    Filed: September 29, 2023
DAVID LOTT and  )
MISSOURI HOLDING GROUP, INC.,  )
      )
    Respondents-Respondents.  )

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Alan Blankenship, Associate Circuit Judge

### APPEAL DISMISSED

Rob Sprueill and Five Star Productions, LLC (Appellants) appeal a judgment in favor of David Lott and Missouri Holding Group, Inc. (Respondents) on their Motion to Vacate Registration of a California Foreign Judgment. Appellants present two points for decision. Respondents argue in their brief that Appellants failed to follow the mandatory requirements of Rule 84.04.[1] Having reviewed Appellants' brief and considered Respondents' arguments,

---

[1] All rule references are to Missouri Court Rules (2022).

we agree that Appellants' failure to comply with Rule 84.04 materially impedes impartial appellate review of this case. Therefore, Appellants' appeal is dismissed.

The required contents of a brief filed in a Missouri appellate court are specified in Rule 84.04. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). These requirements are mandatory. *Id*.; *see Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 578, 583 (Mo. banc 2021). When briefing deficiencies materially impede impartial appellate review, dismissal of the appeal is required. *Tan-Tar-A Ests., L.L.C. v. Steiner*, 564 S.W.3d 351, 352 (Mo. App. 2018). Appellants' brief fails to comply with Rule 84.04, and thereby impedes impartial appellate review, in the following respects.

Statement of Facts

Rule 84.04(c) requires an appellant's brief to contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." *Id*.; *see Auman v. Richard*, 672 S.W.3d 277, 282 (Mo. App. 2023). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. 2018) (internal citation omitted).

The trial transcript in this case is 197 pages in length. The parties presented conflicting evidence on the issues raised by Appellants' petition to register a foreign judgment and Respondents' motion to vacate. Those conflicts were resolved by the trial judge in 42 factual findings in the judgment. Appellants' "Statement of Facts" section appears to only recite evidence favorable to the petition to register. Therefore, it is not "fair" because the facts were not presented in accord with the trial court's adverse fact-finding and credibility determinations. *In re Marriage of Blanchard*, 613 S.W.3d 879, 885 (Mo. App. 2020). As we explained in *Blanchard*:

2

Our courts have observed that this manner of failure is "often viewed" as an admission that if all (and only) the relevant facts were before the reviewing court, "the appellant would surely lose." *Kenneth Bell and NEZ, Inc. v. Baldwin Chevrolet Cadillac, Inc.*, 561 S.W.3d 469, 473 (Mo. App. S.D. 2018) (internal quotation and citation omitted). The directives of Rule 84.04(c) reflect the controlling principle of review that "[a]n appellant may not simply recount his or her version of the events, but is required to provide a statement of the evidence in the light most favorable to the judgment." Rather, "[t]he function of the appellant's brief is to explain to the court why, despite the evidence seemingly favorable to the respondent, the law requires that appellant must prevail." *Hoer v. Small*, 1 S.W.3d 569, 571 (Mo. App. E.D. 1999).

*Blanchard*, 613 S.W.3d at 885 (footnote omitted).

<u>Points Relied On</u>

The "Points Relied On" section of Appellants' brief also contains multiple deficiencies that materially impede impartial appellate review. Rule 84.04(d) sets out the requirements for a point relied on in an appellant's brief:

**(d) Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall:
    (A) Identify the trial court ruling or action that the appellant challenges;
    (B) State concisely the legal reasons for the appellant's claim of reversible error; and
    (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

*Id*. (italics in original). Appellants' two points are similar in format. Point 1 states as follows:

The trial court erred when it entered its Judgment vacating Appellant's California Judgment based on its erroneous findings of fact and conclusions of Tennessee law that Appellant's claims were subject to the Agreement's Forum Selection Clause, thus depriving the California Court of subject matter jurisdiction over Appellant's claims. The trial court's Judgment is

3

based on errors of fact and the misapplication of Tennessee law which are not harmless and are against the weight of the evidence that Appellant was a party to the Agreement, or alternatively his claims aris[ing] from the Agreement are subject to its Forum Selection Clause.

By the weight of the evidence and application of Tennessee law, Appellant was not a party to the Agreement and his tort claims do not arise from the Agreement, therefore, are not subject to the Forum Selection Clause, thus the California Court had subject matter jurisdiction over Appellant's claims.

This Court has the authority to reverse the trial court's Judgment because it is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares and applies Tennessee law.

Point 2 states:

The trial court erred when it entered its Judgment vacating Appellant's California Judgment based on its erroneous findings of fact and conclusions of California law that Respondents were not subject to general jurisdiction in California. The trial court's Judgment is based on errors of fact which are not harmless and are against the weight of the evidence: testimony and other evidence the trial court either ignored, misstated or ruled irrelevant based [on] the misapplication of California law pertaining to Respondents' California business activities.

By the weight of the evidence not considered by the trial court and application of California law, Respondents' business activities in California warrant the conclusion of law that they were subject to the general jurisdiction of the California Court when the California Complaint was filed.

This Court has the authority to reverse the trial court's Judgment because it is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares and applies California law.

Both points are defective for the following reasons.

First, neither point substantially follows the template in Rule 84.04(d). Because a template is specifically provided in Rule 84.04(d), there is no excuse for failing to submit an adequate point relied on. *Calzone v. Maries Cnty. Comm'n*, 648 S.W.3d 140, 145 (Mo. App. 2022); *Steiner v. Rolfes*, 602 S.W.3d 313, 315 (Mo. App. 2020). "This [R]ule [84.04(d)] is not a judicial word game or a matter of hypertechnicality, rather it serves to

4

notify the opposing party of the precise matters under contention and inform our Court of the issues presented for review." *Carmen v. Olsen*, 611 S.W.3d 368, 371 (Mo. App. 2020); *see Calzone*, 648 S.W.3d at 145. By failing to present points relied on that comply with Rule 84.04(d)(1), Appellants have preserved nothing for appellate review, which is fatal to their appeal. *Steiner*, 602 S.W.3d at 315.

Second, Points 1 and 2 fail to identify the particular ruling or action by the trial court that Appellants challenge on appeal. Rule 84.04(d)(1)(A); *see, e.g.*, *Barnett v. Rogers*, 400 S.W.3d 38, 48 (Mo. App. 2013) (errors contemplated by the rule are rulings on which the judgment is based, such as making or failing to make a certain factual finding, or applying or failing to apply the law). Both points contend that the trial court erred "when it entered its Judgment[.]" By challenging only the entry of judgment, the point is "defective because its error allegations challenge the ultimate results of the case instead of a particular ruling of the trial court." *Barnett*, 400 S.W.3d at 48; *Malin v. Cole Cnty. Prosecuting Att'y*, 631 S.W.3d 638, 645-46 (Mo. App. 2021).

Third, "[a] point relied on should contain only one issue, so multiple contentions about different issues should not be combined into a single point." *Koeller v. Malibu Shores Condo. Ass'n, Inc.*, 602 S.W.3d 283, 287 (Mo. App. 2020). Appellants' points contend the trial court's decision "[1] is not supported by substantial evidence, [2] is against the weight of the evidence, and [3] erroneously declares and applies" the law. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "A point that includes multiple issues is multifarious and preserves nothing for appellate review." *Koeller*, 602 S.W.3d at 287. As this Court explained in *Koeller*:

> The reason is each challenge involves a distinct analysis. A not-supported-by-substantial-evidence and an against-the-weight analysis are distinctly different. Each of these, in turn, is different from a claim that the trial court

5

erroneously declared or applied the law. This means each *Murphy* ground is proved differently from the others *and* is subject to different principles and procedures of appellate review.

*Id*. (internal quotation marks and citations omitted; italics in original). Thus, "a single point that alleges the trial court erred under **more than one** of the *Murphy v. Carron* standards raises a multifarious point that violates Rule 84.04(d)(1) and preserves nothing for review." **Ebert v. Ebert**, 627 S.W.3d 571, 580 (Mo. App. 2021) (emphasis in original); *see also* **Ivie v. Smith**, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014) (a substantial-evidence challenge, a misapplication-of-law challenge, and an against-the-weight-of-the-evidence challenge are distinct claims that "must appear in separate points relied on in the appellant's brief to be preserved for appellate review").

Argument

As noted above, Appellants' Points 1 and 2 each raise a not-supported-by-substantial-evidence challenge and an against-the-weight challenge. The required sequential analysis for each challenge is set out in **Houston v. Crider**, 317 S.W.3d 178 (Mo. App. 2010):

> A not-supported-by-substantial-evidence challenge requires completion of three sequential steps:
>
> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,
>
> (3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.
>
> On the other hand, an against-the-weight-of-the-evidence challenge requires completion of four sequential steps:

6

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id*. at 187. In Appellants' brief, the "Argument" section for each point did not follow the required sequences for these two issues. Therefore, Appellants' argument concerning these issues has no analytical or persuasive value. ***Ben Brower Prop. Co., LLC v. Evella, LLC***, 554 S.W.3d 504, 512 (Mo. App. 2018).

The multiple deficiencies in Appellants' brief materially impede impartial appellate review. "It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel. It would be unfair to the parties if it were otherwise." ***Thummel v. King***, 570 S.W.2d 679, 686 (Mo. banc 1978); *see **Lexow***, 643 S.W.3d at 505. To address Points 1 and 2 on the merits would require this Court to assume the role of advocate for Appellants, which is not permitted. Accordingly, the appeal is dismissed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JENNIFER R. GROWCOCK, J. – CONCUR